JOHN F. DARBY, Public Administrator, &c., Appellant, *v.* MURRAY McCONNEL, Appellee.

### APPEAL FROM MORGAN.

Suits may be commenced and process made returnable to a special term of the Circuit Court, appointed by the judge in vacation, whether issued before or after such term was appointed.

A SPECIAL term of the Morgan Circuit Court, was in vacation

appointed to be held in November, 1851, by the judge of that court, under the provisions of the fiftieth section of the act in relation to Courts, in Revised Statutes of 1845, page 149.

After the appointment of said special term, Darby sued Mc-Connel, filed his declaration, and obtained service of process, returnable to said special term, more than ten days before the commencement thereof.    At said special term McConnel entered his motion to dismiss the suit for want of jurisdiction, and because the plaintiff had no right to have process returnable to said special term, the said court not having power to hold pleas of suits or writs not brought or returnable to the regular term preceding, and because said special term was not a return term for writs, or at which new suits could be brought.    This motion was sustained *pro formâ*, by the court, WOODSON, Judge, presiding.    Darby excepted, and brings the record to this court.

D. A. SMITH, for appellant.

R. S. BLACKWELL, for appellee.

A special term of the Circuit Court of Morgan county, Illinois, was appointed by the judge of the First Judicial Circuit, in vacation, to be held on the 3d day of November, 1851.    After the appointment of the special term, Darby sued out a summons against McConnel in debt, returnable to said special term.    Service was had.    At said special term, McConnel appeared and moved to quash said summons and dismiss said suit, for want of jurisdiction in the court, because the summons was returnable to the said special term.    The motion was sustained and suit dismissed. The decision of the Circuit Court is assigned for error.

1. The 43d section provides, that at a regular term the court may appoint a special term for the hearing of chancery causes, and all suits then depending may be heard and determined at said term, &c.    Rev. St. 148, § 43, cl. 1.

2. By the same section, the court, at a regular term, may appoint a special term for the trial of civil and criminal cases on the common-law side of the court, to which special term " suits may be instituted and process made returnable to such special

term, in the same manner and with like effect as at a regular term," &c. Rev. St. 148, § 43.

In this case the County Commissioners' Court are required to summon a grand and petit jury, &c.; and power is conferred upon the courts to try " all civil and criminal causes."

" And all judgments, orders, and proceedings made and had at said special term, shall be as valid and effectual as if made and had at a regular term of the court."

The 45th section provides for the call of a special term when a person is in custody, charged with the commission of a capital offence, &c. Rev. St. 148, § 45.

The 50th section provides, that the judges in vacation shall have power to appoint a special term, " whenever it may be necessary for the prompt and efficient administration of justice," and declares that " all process which may have been made returnable to the regular term, shall be deemed in law returnable to the said special term, appointed as aforesaid." Rev. St. 149, § 50.

Whether this section alludes to the return of process to the preceding or succeeding term of the court, makes no difference, as in either event the court, at its special term, cannot take cognizance of the suit.

The evident object of this law was to enable the circuit judge, where his docket was encumbered, and he was unable to dispose of the causes upon the docket at the preceding regular term, to call a special term, " for the prompt and efficient administration of justice," between suitors already in court. And this in compliance with the constitutional requirement " that every person ought to find a certain remedy for all injuries and wrongs, promptly, and without delay," &c. Rev. St. 38, § 12 of Schedule.

The law was not intended to place a person who sued after the regular term had passed, upon a footing of equality with him who had sued long before, but whose suit had not been reached on account of an encumbered docket.

The later suitor must bide his time, and wait until the succeeding term, fixed by the general laws of the land, for the trial of his cause.

Such is the opinion of the counsel on the opposite side. 11 Ill. 225, "Brief."

In Rucker v. Fuller, 11 Illinois, 228, this court say, that "this provision of the statute has reference to process made returnable to a regular term beyond the special term. Suits commenced to a regular term subsequent to the special term, and before its appointment, would, by this statutory provision, become returnable to the special term, &c."

It is respectfully submitted that this idea is wrong, inasmuch as it would work injustice in this: A defendant is bound by law to take notice of the holding of the regular terms of court. Ignorance of the law excuses no man. Rogers v. Miller, 4 Scam. 334; Love v. McRae, 12 Ala. 444.

But common justice requires that he should have notice in fact of the time of holding a special term, because this is not fixed by law, but by appointment of the judge. It is a question of fact, and not of law. Ignorance of fact is excusable, and equity and law relieve a party from its consequences.

The law requires actual notice to the defendant, or the judgment is void. Holliday v. Swailes, 1 Scam. 516, 517.

According to the construction of the statute by this court, in 11 Illinois, the defendant has neither actual nor constructive notice of the trial of the cause, though he had notice of the pendency of the suit.

CATON, J. The only question in this case is, whether process which is sued out after the judge in vacation has appointed a special term of the Circuit Court, shall be made returnable to the special term or to the succeeding general term. The appointment of this special term was authorized by the 50th section of the chapter entitled *Courts*, which says that "all process which may have been made returnable to the regular term shall be deemed in law returnable to the said special term appointed as aforesaid." It was decided, in Rucker v. Collins, (11 Ill. 223,) that under this provision process which had been sued out previous to the appointment of the special term, and which upon its face was returnable to the next succeeding general term, should be deemed and held returnable to the special term.

Further reflection has but confirmed us in the views which we then entertained. The words "which may have been," refer to process issued at any time before the event alluded to, which was the appointment of the special term, and which was still returnable. But it could not mean process which had been issued before the previous term, for to that term such process must necessarily have been returned, and consequently could not have been returnable. The words, then, could refer only to process issued subsequent to the previous term, and before the appointment of the special term. It is true that the 43d section of the same chapter, which provides for the appointment, at any regular term of the court, of a special term, provides that suits "may be instituted and process made returnable to such special term," and it is argued with much force that the omission of that provision in the 50th section raises a strong implication that it was not the intention of the legislature that suits should be brought to the special term provided for in that section. But this implication, if allowed the effect contended for, would prove too much; for, by the same rule, we should have to hold that the court, at the special term appointed in vacation, could only try such causes as had been commenced after the general term and before the appointment of the special term; for in the 43d section it is provided that "the court shall have power at such special term to try all civil and criminal causes, and all orders, judgments, and proceedings made and had at such special term shall be as valid and effectual as if made or had at a regular term of the court." As there are none of these provisions found in the 50th section conferring powers upon the court at a term appointed in vacation, there would be the same implication that by their omission in the 50th section the legislature intended to withhold those powers and that sanction from the court during such special term. Such a construction has never been contended for. It would leave the court virtually without jurisdiction which could be of any practical utility, and it would be unable to answer the purposes manifestly contemplated by the legislature. That the court may at such special term try all causes which have been continued from the previous regular term has never been doubted; and yet we look in vain in

the 50th section for that authority to do so, which is so expressly given in the 43d section. In the former it must be implied, while in the latter it is express; and with the same propriety we may imply the authority to institute suits and make process returnable to such special term. Our past legislation shows many examples where the legislature has authorized the judge to appoint all the terms, in particular counties, instead of fixing the terms by law, and that, too, without specifying the powers and jurisdiction of the court at such term; and yet it was never doubted that the court, at such terms, was authorized to dispose of all causes then pending, precisely as if the term had been appointed by law. I am unable to appreciate the argument of inconvenience and surprise, which was earnestly urged at the bar. The party was regularly served with process ten days before the commencement of the term, which truly told him of the time and place at which he was required to appear and answer to the suit; and there could be no more inconvenience or surprise than there would be if the term had been appointed by law, and the suit commenced and service made in the usual way. There was nothing in the whole proceeding, by which the party could be led into error. Those parties whose suits had been continued at the previous regular term over to the next regular term, the time of which was fixed by a public law, would seem to have some reason to complain at being called upon to answer, at an earlier day, at a special term, and of which it is most improbable that they might be ignorant in fact; and yet, notwithstanding the apparent reasonableness of such a complaint, as before remarked, the right of the court to try all suits continued has never been and probably never will be doubted. But it seems to me that, independent of all other provisions of the statute on the subject, the first section of our Practice Act settles this question conclusively. That section provides that the first process in an action shall be a summons, which " shall be made returnable on the first day of the next Circuit Court in which the action may be commenced." This is broad language, and certainly embraces within it special as well as general terms. Indeed, it will require construction to exclude from its operation the special chancery term provided for in the forepart

of the 43d section and the special term for the trial of prisoners in jail, provided for in the 45th and 46th sections. It has already been decided by this court, in the case of Rogers *v.* Miller, (4 Scam. 333,) that a summons which is returnable to the first day of the next term of the Circuit Court is sufficient without specifying the day. Had such been the direction of the summons in this case, it would have been returnable to the special term, unless it can be shown that that was not a term of the court. We are of opinion that this action was properly brought to the special term, and that the decision of the Circuit Court be reversed, and the cause remanded.

*Judgment reversed.*