R. F. WOOLFOLK, plaintiff in error, vs. I. C. PLANT & Son, defendants in error.

(WARNER, Chief Justice, did not preside in this case.)

1. A surety whose principal has been adjudged a bankrupt, when sued for the debt on which he is surety, cannot set off against it usurious interest paid by his principal to the creditor, on transactions other than the one out of which the debt arose, on which the surety is sued.

2. To discharge a surety on account of extension of time by the creditor to the principal debtor there must not only be an agreement for the extension, but the indulgence must be for a definite period.

3. The dismissal of a possessory warrant for cotton, (upon failure to find it in the possession or control of the warehouseman with whom it was deposited and against whom the warrant issued,) by the drawee of a draft, who held the warehousemen's receipt for the cotton, as collateral security for the payment of the draft, and at whose instance the warrant issued, does not discharge the accommodation drawer, even though the warehousemen were the acceptors of the draft, and the draft on its face directed the cotton to be sold and the proceeds applied to its payment.

Principal and surety. Usury. Set-off. Indulgence. Accommodation drawer. Before Judge COLE. Bibb Superior Court. October Adjourned Term, 1871.

I. C. Plant & Son brought complaint against R. F. Woolfolk on the following draft:

"$1,841 71.          MACON, GA, November 21st, 1868.
"Marks and numbers,"      Without grace, fifteen days after
    J. J. B.   4  to  6      date, pay to the order of I. C. Plant
    C. W.      2  to  3      & Son, eighteen hundred and forty-
    J. & H. 21  to 24      one dollars and seventy-one cents,
    J. A. E. 23  to 27      for value received, being an advance
    W. S. K. 16  to 20      on twenty bags of cotton, marked
and numbered as per margin, which are conveyed to you, which cotton sell before the maturity of this draft and apply the proceeds specially to the payment thereof; if not sufficient, the balance will be paid by you, and charge to account of          Yours, respectfully,
    (Signed)                    R. F. WOOLFOLK.
"To Messrs. WOOLFOLK, WALKER & Co., Macon, Ga."

Written across face of draft, "Woolfolk, Walker & Co."

Credit.—Received of J. H. Woolfolk five hundred dollars on this draft in part payment, and the receipt attached hereto marked W. S. K. is to be considered as returned to him to the extent of the above money so paid. This February 16th, 1869.

(Signed)          LANIER & ANDERSON, Attorneys, etc.

The defendant pleaded, 1st, The general issue; 2d, That his signature was procured to said draft through the misrepresentation of I. C. Plant, one of the plaintiffs ; 3d, That the firm of Woolfolk, Walker & Company has paid to plaintiffs large amounts of usurious interest, that defendant is only a surety, that said firm is insolvent, that therefore said usurious interest constitutes an equitable set-off to said claim ; 4th, That plaintiffs, after said draft became due, for a valuable consideration, extended the time of payment to Messrs. Woolfolk, Walker & Company, thereby releasing defendant.

The jury returned a verdict for the plaintiffs for the sum of $1,353 27, with interest from February 2d, 1869.

The defendant moved for a new trial upon the following grounds, to-wit :

1st. Because the Court erred in charging the jury that "the instrument sued on was a bill of exchange drawn by R. F. Woolfolk upon Woolfolk, Walker & Company, and that if the acceptors failed to pay it when due, the drawer was bound to do so."

2d. "That if usurious interest had been paid by said Woolfolk, Walker & Company to the plaintiffs upon other transactions between them, R. F. Woolfolk could not set it up as a defense to this action, or plead it as a set-off to the draft sued on, though it was proved that Woolfolk, Walker & Company were insolvent."

3d. Because the Court erred in refusing to charge, as requested by defendant, that "if plaintiffs had given to Woolfolk, Walker & Company time upon the draft sued on

without the consent of R. F. Woolfolk, who was only an accommodation drawer, he was relieved from liability thereby," and in giving such charge with the qualification, " that the time given must be a specified time, during which plaintiffs could not sue."

4th. Because the Court erred in refusing to charge the jury, as requested by defendant, that " if plaintiffs sued out a possessory warrant for the cotton, under which one of the firm of Woolfolk, Walker & Company was arrested, and such warrant was dismissed without the consent of R. F. Woolfolk, he being an accommodation drawer, he was relieved from liability thereby," and in giving such charge with the qualification, " that to relieve such accommodation drawer, it must be made to appear that the cotton had been seized under the warrant before its dismissal."

It was admitted that Woolfolk, Walker & Company had been declared bankrupts.

WHITTLE & GUSTIN, for plaintiff in error, submitted the following brief: 1. The charge of the Court, that " the instrument sued on was a bill of exchange, drawn by R. F. Woolfolk, and accepted by Woolfolk, Walker & Company, and if the acceptors failed to pay it when due, the drawer was bound to do so," is erroneous, and the verdict of the jury is contrary to the law and evidence. Plant & Son were bound to use every means in their power to secure the application of the cotton to the payment of the draft, Woolfolk having become liable, at least to some extent, upon the representations made by them, and being only a surety under section 2123 of the Code: Matheson *vs.* Jones, 30 Ga., 306. Dismissing the possessory warrant instead of using the means pointed out by law to force the production of the cotton, and extending the time of payment, even indefinitely, were such acts as increased the risk of the surety, and therefore discharged him: Code, section 2126; Toomer *vs.* Dickinson, 37 Ga., 428. 2. The usurious interest paid by Woolfolk, Walker & Company to Plant & Son constituted an equitable

set-off, and was a good defense, *pro tanto,* and should have been deducted from the amount recovered: Code, sec. 3084; Mordecai *vs.* Stewart, 37 Ga., 364; Pope *vs.* Solomon, 36 Ga., 541.

LANIER & ANDERSON, represented by R. F. LYON, submitted the following brief: There is no certificate of the presiding Judge that his charge is correctly set out in the motion for a new trial in this case. We claim, therefore, that the only two questions to be considered are: 1st. Did the Court do right to allow the jury, who had found generally for the plaintiffs, to insert, after they came into Court, the amount of their finding in the verdict? See 17 Ga., 340. 2d. Is the verdict contrary to law and the evidence? The pleas were three in number—first, that the signature of Woolfolk to the draft was procured by the false representations of Plant; second, that Woolfolk, being a surety, had been discharged by indulgence given to the acceptors of the draft; third, that the acceptors had, in other transactions with Plant & Son, paid them large amounts of usurious interest, (the plea names no sum whatever,) which Woolfolk claims as an equitable set-off, the acceptors being insolvent. The evidence was, to say the least of it, conflicting as to the first two pleas, and the verdict as to them will not, therefore, be disturbed. As to the third, (the usury plea,) it may be remarked, first, that it is too defective to justify any evidence being allowed under it, and second, that Woolfolk, the drawer, was not entitled to credit for usury the acceptors had paid in other transactions with which he was not connected: 1 Kelly, 140. The proof showed that the acceptors were bankrupts. If Plant & Son owed them for usury paid, it was a part of their assets in bankruptcy, and belonged to the assignee. If the Court shall review the alleged charge of Judge Cole, we cite, in support of his charge relative to the liability of a drawer of a bill of exchange, complained of in the first ground of the motion for a new trial: Ross on Bills, etc., marg. pp., 12 and 13; Byles on Bills, pp. 2 and 3. In support of the charge

relative to usury, complained of in the second ground of the motion, we cite: 1 Kelly, 140. See, also, what is said above in reference to the right of the assignee in bankruptcy to sue for usury paid. In support of the charges relative to indulgence given the acceptors, complained of in the third and fourth grounds of the motion, we cite: Smith's Mercantile Law, 582, 583; 22 Ga., 385; 30 Ga., 112, 249.

MONTGOMERY, Judge.

If ordinarily a surety is entitled, when sued on the debt upon which he is surety, to set-off usury paid by his principal to the creditor on contracts other than the one sued on, (as to which see *Whitehead vs. Peck*, 1 *Kelly*, 140; *Mordecai vs. Stewart*, 37 *Georgia*, 364,) he certainly is not entitled to do so after his principal has been adjudged a bankrupt. The fourteenth section of the Bankrupt Act provides that "all debts due the bankrupt * * * shall, in virtue of the adjucation of bankruptcy and the appointment of his assignee, be at once vested in such assignee."

2. Indulgence to the principal, to discharge the surety, must be for a definite period and for a valuable consideration: Parnell vs. Price, 3 Rich., 121; Washington vs. Gary, 7 S. & Marshall, 522.

3. We do not see how the dismissal of the possessory warrant increased the risk of the accommodation indorser in this case. It had failed to perform its office—the cotton was not to be found; nor did it appear that it was "in the possession, power, custody or control of the defendant, or any agent or friend of his, or any one acting for or entrusted with the same for him." What, then, was to be done? The defendant could not be imprisoned—the cotton was not to be found. The warrant had expended its force and could be of no further service. Its dismissal did no damage. Upon all the points taken we affirm the judgment.

Judgment affirmed.