THE COMMERCIAL BANK OF CEDARTOWN *v.* POSTELL.

97b 331
98  648

*Lumpkin, J.*—The motion for a new trial being based on general grounds, alleging no error of law on the part of the trial judge; and the evidence, though conflicting, being sufficient to support the verdict, this case falls within the general rule so repeatedly announced, that under such circumstances the verdict, after its approval by the trial judge, will be allowed to stand.

August 5, 1895.        *Judgment affirmed.*

Complaint on note.   Before Judge Janes.   Polk superior court.   August term, 1894.

The Commercial Bank of Cedartown sued Thompson as administrator of A. G. West, deceased, and John Postell, upon a promissory note for $3,000 principal, dated July 6, 1892, and due sixty days after date, made by the Coal City Mining Company, indorsed by West and Postell, and payable to plaintiff or order.   The mining company was a non-resident corporation, had no agent or place of business in Georgia, and was not sued or served in the action. Its name was signed to the note by Postell as secretary and manager.   Postell pleaded, in addition to the general issue, that before the note fell due and before it was protested, West having died, plaintiff agreed with the Coal City Mining Company, its agents and officers, and with the representatives and heirs of his coindorser West, to extend the

note sued on for an indefinite period of time, upon said company and said heirs paying plaintiff ten per cent. interest, which agreement was made without the knowledge or consent of Postell; and that the mining company did pay plaintiff the interest at said rate, as indicated by the payments on the note; thereby increasing defendant's risk and releasing him.    Thompson, administrator, adopted the plea of Postell.    There was a verdict for plaintiffs against Thompson · as· administrator, for the amount due on the note; but in favor of Postell.    Thompson moved for a new trial, and the motion was overruled.    The plaintiff moved also for a new trial as to the verdict releasing Postell, and the motion was overruled.

Thompson's motion was upon the grounds, that the verdict was contrary to law and evidence, and to certain specified portions of the charge; that the release by the jury of Postell operates by law as a release of Thompson, administrator; and that the court erred in giving the following instructions to the jury:

"If indulgence was granted by plaintiff to defendant in consideration of the payment of ten per cent. interest per annum, without the knowledge or consent of the indorser, or either one of the indorsers ratifying this act, the indorser so ratifying the act would not be released.    Such ratification would be equivalent to agreeing originally to the arrangement.    If the administrator of A. G. West ratified the agreement or arrangement between the Commercial Bank and the Coal City Mining Company, the estate of West would not be released.

"Although that arrangement may have released West and Postell, still if the administrator of West afterwards ratified the act expressly or impliedly, that is by word or act, then the estate of West would be bound and you would so find."

The motion by plaintiff was upon the grounds, that the verdict releasing Postell was contrary to law and evidence,

and to a specified portion of the charge; and that under the facts, the money which was the consideration of the note was really loaned to West and Postell who signed the mining company's name to the paper. Plaintiff parted with the consideration for the note solely upon the strength and credit of defendants' names, and their liability to it is that of makers and not that of indorsers strictly.

*Blance & Fielder* and *Colville & Noyes*, for plaintiff.

*J. W. Harris, Jr.*, and *Glenn & Rountree*, for defendant.