62  22<br>63  395

## NESBIT v. SCHWAB CLOTHING COMPANY.

### Opinion delivered February 8, 1896.

ATTACHMENT—REMOVAL OF PROPERTY FROM STATE.—Under the statute authorizing attachment to be issued when a debtor has removed property from the state, not leaving enough to satisfy the claims of his creditors (Sand. & H. Dig. sec. 325, subd. 6), the value of the property left in the state must be determined by its fair market value, and not by what it would bring at forced sale.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Judge.

The Schwab Clothing Company brought an attachment suit against W. T. Nesbit, alleging that the latter was about to remove, or had removed, his property, or a material part thereof, out of the state, not leaving enough to satisfy the claims of his creditors. The court sustained the attachment, and defendant appealed. The facts sufficiently appear in the opinion.

*Neill & Neill* and *Jno. W. & Jos. M. Stayton* for appellant.

1. It was error to take into consideration defendant's exemptions. The statute does not say "exclusive

of exemptions." Sand. & H. Dig. sec. 3718; Thompson, Homestead & Ex. 829, 830-1.

2. It was error to consider the cost of collecting the choses in action. The inquiry was as to their value.

3. A preponderance of the evidence shows that defendant had assets enough in this state to satisfy his creditors. 44 Ark. 301; 54 id. 61, 309; 57 id. 611.

4. The pledgeor retains the title to pledged property, the pledgee only has a lien. Jones on Pledges, 3 and 4, 7. These debts were due him in this state. This was the *situs*.

5. Appellant's assets in this state exceeded his liabilities, and he was solvent. The attachment should have been dissolved.

*Yancey & Fulkerson* and *Morris M. Cohn* for appellee.

1. The evidence fully sustains the court's ruling that defendant has removed a material portion of his property, not leaving enough in the state to satisfy creditors, but the court would have been justified in holding that defendant had fraudulently concealed and appropriated property. If he had $14,000 in notes and accounts, why did he not turn them over to the attaching creditors? His not doing so was certainly not very good faith. 60 Ark. 160.

2. Shipment by a debtor of a material part of his property out of the state, not leaving enough to pay his debts, is ground for attachment, notwithstanding it was shipped to pay a valid debt. 57 Ark. 611; 54 id. 58; 44 id. 301; 4 Fed. 294. Mere nominal assets, without value, in excess of liabilities, do not render one solvent. See L. R. 14 Eq. 106, 118, 121; 2 Pom. Eq. Jur. sec. 973; 2 Bigelow, Fraud, 604-5. Insolvency—inability to pay debts—is treated as the equivalent of insufficiency of

assets.    4 Fed. 294-6 ; 2 So. 250 ; 47 Miss. 281 ; 12 Fla.
589 ; 34 Ark. 696 ; 8 So. 674.

BATTLE, J.    The statute under which the order of
attachment was sued out by the appellee against the ap-
pellant provides that " the plaintiff in a civil action may,
at or after the commencement thereof, have an attach-
ment against the property of the defendant," when he
"is about to remove, or has removed, his property, or a
material part thereof, out of this state, not leaving
enough therein to satisfy the plaintiff's claim or the
claims of said defendant's creditors."    Sand. & H. Dig.
sec. 325, subd. 6.

The court, sitting as a jury, found that the appel-
lant had, at the time the order of attachment was sued
out against him, removed a material part of his prop-
erty out of this state, and was indebted at that time in
the sum of $12,280, and had still remaining in this
state property, estimating his choses in action, which
amounted, according to their face value, to $14,000, at
fifty-two cents on the dollar, of the value of $13,320,
his assets exceeding his liabilities in the sum of $1,040.
But the court said : " Taking into consideration the ex-
emptions, to which the defendant [appellant] is entitled,
and the necessary costs of collecting any choses in
action, and uncertainty as to the amount which could be
realized, it appears that the assets of the defendant, in
the state of Arkansas, were insufficient to satisfy the
claims of his creditors," at the commencement of this
action—and for this reason sustained the attachment.

The correctness of this conclusion depends upon the
proper interpretation of these words in the statute :
"not leaving enough therein to satisfy the  *   *  claims
of said defendant's creditors."    We understand from
them that the property left in the state must be sufficient,
at its fair, market value, to pay the creditors.    By what
other standard can its sufficiency be determined ?    By

forced sale? Who can tell what it will bring at a public sale? That depends upon the circumstances of the sale, which no one can foresee. Then, in the absence of any other reasonable standard by which the sufficiency of the property left remaining can be determined, it seems its market value should be accepted as the guide. Any other interpretation would offer an inducement to creditors to hasten to sue out the first attachment against the debtor, and thereby oppress him, and sacrifice his property, by allowing them, as it does, to be paid out of his assets in the chronological order of their attachments, when, under other circumstances, they might not disturb him, and he with proper management might pay his debts. He ought not to be required to provide for a contingency which may be created by his creditors in a race for priority. No interpretation conducive to such evil consequences ought to be placed upon the statute, if it can be well avoided.

According to the test suggested, the appellant had property in this state, at the commencement of this action, sufficient to pay his debts. Deducting $500 in personal property for his exemption, there will still be a sufficiency; the homestead occupied by him belonging to his wife, and not being included in his assets.

The judgment of the circuit court is therefore reversed, and the cause is remanded with instructions to discharge the attachment, and for other proceedings.