BUNN, administrator, *v.* COMMERCIAL BANK
OF CEDARTOWN.

1. An agreement by the holder and owner of a promissory note with the maker of the same to extend the time of its payment for an indefinite period, though based upon a valuable consideration, does not discharge a surety on such note from liability. As such an agreement would not prevent the immediate bringing of an action, the making of it really amounts to no more than " a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal reme-

dies," and it therefore stands upon an entirely different footing from an extension for a definite period. In the former case, a surety may at any time pay the debt and proceed to enforce the same against his principal, and he may also proceed against the cosureties, if any, for contribution. In the latter, he cannot do this, and consequently his risk is increased and he is discharged.

(a) The *syllabus* in the case of *Commercial Bank of Cedartown et al. v. Postell,* 97 *Ga.* 331, applied to the facts appearing in the official report, amounts in effect to a holding that an agreement to extend the time of payment for an indefinite period would discharge a surety. That case was decided erroneously, because this court dealt with it as if the extension had been for a fixed time, overlooking the fact that it was for an indefinite period. Upon a review thereof, the doctrine apparently laid down in that case is overruled.

2. Though the charge on the subject of ratification, of which complaint is made in the motion for a new trial, may have been unauthorized, it could have resulted in no legal injury to the plaintiff in error, for the reason that under the pleadings and evidence, and in view of the law applicable, a verdict against him was the only proper result of the trial.

April 13, 1896. Argued at the last term; reargued at this term.

Complaint on note. Before Judge Janes. Polk superior court. August term, 1894.

*Broyles & Sons* and *J. M. King,* for plaintiff in error.
*Colville & Noyes* and *Blance & Fielder,* contra.

Lumpkin, Justice.

1. This case, and that of the *Commercial Bank of Cedartown et al.* v. *Postell,* both grew out of an action by the bank against the latter and the administrator of A. G. West. In the lower court, there was a verdict in favor of Postell and against the administrator. The bank sued out a writ of error to reverse the judgment in favor of Postell; and the administrator, a separate writ of error seeking to reverse the judgment rendered against him. Both cases were before this court at the March term, 1895. The case in which the bank was the plaintiff in error was decided at that term (97 *Ga.* 331, 22 S. E. Rep. 942), and the other was continued. In looking into the latter, which

is the case now in hand, we have reached the conclusion
that the former was decided erroneously. The *syllabus*
contains nothing to indicate the error into which this court
fell; but when read in connection with the official report,
it will be perceived that it in effect amounts to a holding
that an agreement by the holder and owner of a promissory
note to extend the time of payment for an indefinite period
will discharge a surety. This court was not mistaken as
to the law, because it dealt with the case as though the
extension had been granted for a fixed time. The error
committed resulted from overlooking the fact, as shown by
the evidence, that the extension was really for an *indefinite*
period. Apparently, however, we laid down a doctrine
which is erroneous, and to that extent the decision then
made is overruled.

Both these cases at last depend upon the question
whether or not an agreement, upon a valuable considera-
tion, by the holder and owner of a promissory note with
the maker of the same, to extend the time of its payment for
an indefinite period, will discharge a surety on such note
from liability. We are quite sure that this question should
be answered in the negative. The rule, and the reason for
it, are thus stated in the American & English Encyclopædia
of Law (vol. 24, p. 832): "The time for which the exten-
sion is granted to the principal must be definite and fixed,
otherwise the surety is not discharged. The reason for the
rule is that if no definite time is fixed, the creditor may
proceed at any time." The same doctrine has been applied
in the case of an indorser, who, it seems, will be discharged
by the conduct of the holder "in giving to the maker a
definite and binding extension of time wherein to pay."
2 Am. & Eng. Enc. of Law, 386. It is the undoubted
right of a surety to pay the debt at any time, and then pro-
ceed to enforce the same against his principal for the full
amount, and against his cosureties, if any, for contribution.
If the creditor has granted to the principal indulgence for

a definite and specified time, the effect would be to cut off this right of the surety; but if the indulgence is indefinite, the creditor would not be prevented from suing immediately, and so could the surety upon paying the debt. And herein lies the solution of the whole matter. The rule is thus cited in Chitty on Bills, p. 409: "There is no obligation of *active diligence* on the part of the holder to sue the acceptor or any other party, and he may be *passive* and *forbear* to sue as long as he chooses, but he must not *so agree* to give time to the acceptor *as to preclude himself from suing him, and suspend his remedy against him* in prejudice of the drawer and indorsers." And it is the same, in effect, as that now embraced in section 2154 of our code. See, also, 2 Brandt on Suretyship, §344, from which we make the following extract: "In order that an agreement between the creditor and principal extending the time of payment shall have the effect of discharging the surety or guarantor, the extension must be for a definite time. It makes no difference for how short a period the time is extended, but that period must be fixed; otherwise the hands of the creditor are not tied, and he may proceed at any time." In Findley *v.* Hill, 34 Am. Rep. 578, s. c. 8 Oreg. 247, it was held that an agreement, without the consent of a surety, to extend the time of payment "until after harvest," would not discharge the surety, because too indefinite. Prim, J., in this case, cites Miller *v.* Stem, 2 Pa. St. 286, in which it was said that "to discharge a surety by extension of the time of payment, there must be not only a sufficient consideration, but the time must be definitely fixed; hence an agreement to delay for an uncertain period —as until some time in the summer—will not discharge him." This rule has also been held applicable to an agreement to suspend execution. See McGee *v.* Metcalf *et al.*, 51 Am. Dec. 122, s. c. 12 Smedes & M. 535, holding that a direction to a sheriff "not to execute the execution until ordered to do so," would not discharge a surety, for

the reason that, "the time being indefinite, the stay could have been arrested at any time that the surety requested it to be done." In a note following the report of this case in the volume first cited, it is stated that "promises for delay for an uncertain time will not discharge the surety," citing Gardner *v.* Watson, 13 Ill. 352; and, also, that "an agreement for an extension of time to discharge a surety must not only be valid and binding in law, but the time of the extension must be definite and precisely fixed," citing Williams *v.* Covillaud, 10 Cal. 427. In a very recent case, the Supreme Court of Arkansas decided that "An agreement, upon a valid consideration, by a creditor, without the consent of the surety, not to sue the principal debtor for a certain time, discharges the surety, but it does not have that effect unless the extension is for a definite period." Kendall *v.* Milligan *et al.*, 34 S. W. Rep. 79. We might have rested our decision in the present case upon that rendered in *Woolfolk* v. *Plant & Son*, 46 *Ga.* 422, where it was held that: "To discharge a surety on account of extension of time by the creditor to the principal debtor, there must not only be an agreement for the extension, but the indulgence must be for a definite period." It will be seen, however, that this decision is well sustained, and it would not be difficult to cite numerous other authorities in support of its correctness.

2. It is unnecessary to the present purpose to inquire whether the charge upon the subject of ratification by the administrator of the extension alleged to have been granted was, or was not, authorized. Upon the pleadings and evidence, and in view of the law as above laid down, a verdict against him, whether he ratified the extension or not, was the only proper result of the trial, and therefore the question of ratification is immaterial. *Judgment affirmed.*