### 8513, 8514. CONN *v.* SIMPSON GROCERY COMPANY; and *vice versa.*

The court did not err in sustaining the plaintiff's demurrer, and in striking the defendant's plea as amended.

> DECIDED NOVEMBER 14, 1917.

Complaint; from Floyd superior court—Judge Wright. January 8, 1917.

Simpson Grocery Company brought suit against C. L. Conn, on two $500 notes signed by J. J. Conn and W. F. Conn, and indorsed by C. L. Conn, on which there was alleged to be a balance due, including attorney's fees, of $885.82. The petition alleged that J. J. Conn and W. F. Conn had been adjudicated bankrupts, and could not be joined in the suit. The defendant in his answer admitted the execution of the notes, denied any indebtedness to the plaintiff, and alleged, among other things, "that sometime before said notes were due, the plaintiff entered into a contract and agreement with J. J. Conn and W. F. Conn, the makers of said notes, whereby, for a consideration to the plaintiff, the makers of said notes were granted an extension of time upon said notes, a copy of said contract and agreement being hereto attached and made a part of this answer." Said agreement is as follows: "Georgia, Floyd County. Whereas J. J. Conn is indebted to Simpson Grocery Company $2500.00, which he desires to secure, Simpson Grocery Company having granted extension of time thereon; and whereas a part of said indebtedness is represented by the following notes: one dated Feb. 5th, 1913, for $500.00, is due Oct. 15th, 1913 (on which interest has been paid to date); and one bearing same date for same amount, due March 15th, 1914 (interest on which is paid up to date); said two notes just described bearing also the signature of W. F. Conn and bearing the indorsement of C. L. Conn; and whereas an additional note of $500.00 is being taken this day, due two years after date; and whereas an additional note of $1000.00 is being taken this date, due three years after date; all of said notes bearing interest from date at the rate of eight per cent.; and whereas the consideration to Simpson Grocery Company for granting said extension is . . It is further agreed that failure to pay one of the foregoing notes according to their legal tenor and effect shall mature all at the option of the holder." The defendant by amendment withdrew the foregoing agreement, and then by another amendment reinstated it. The plea as amended was demurred to, the demurrer sustained, and the plea stricken. The plaintiff then made out its case before a jury, a verdict in its favor was returned, and judgment was rendered for the full amount of principal, interest, and attorney's fees sued for. The defendant excepted.

*M. B. Eubanks,* for plaintiff in error in main bill.

*T. W. Lipscomb, Nathan Harris, Wright Willingham,* contra.

BLOODWORTH, J. Nothing in the defendant's answer constitutes a valid defense to this suit. The agreement which is attached as an exhibit to the answer, and the relevant parts of which are hereinbefore set out, undoubtedly grants an extension of time on $1500 of the indebtedness, by taking notes, one for $500 due in two years, and the other for $1000 due in three years, but these notes are not the basis of this litigation. The agreement to extend did not fix any definite period to which the notes sued on were to be extended, but on the contrary the agreement provided "that failure to pay one of the foregoing notes, according to their legal tenor and effect, shall mature all at the option of the holder." By the "legal tenor and effect" of the notes sued on they became due October 15th, 1913, and March 15th, 1914. Where there is an agreement between the holder and the maker of notes to extend the time of payment, unless it be for a definite period, even though for a valuable consideration, the surety will not be discharged from liability. The first headnote in the case of *Bunn* v. *Commercial Bank of Cedartown,* 98 *Ga.* 647 (26 S. E. 63), is as follows: "An agreement by the holder and owner of a promissory note with the maker of the same to extend the time of its payment for an indefinite period, though based upon a valuable consideration, does not discharge a surety on said note from liability. As such agreement would not prevent the immediate bringing of an action, the making of it really amounts to no more than a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies, and it therefore stands upon an entirely different footing from an extension for a definite period. In the former case a surety may at any time pay the debt and proceed to enforce the same against his principal, and he may also proceed against the co-sureties, if any, for contribution. In the latter he can not do this, and consequently his risk is increased and he is discharged." See also *Woolfolk* v. *Plant,* 46 *Ga.* 422 (2). From the foregoing it will appear that the court did not err in sustaining the demurrer and in striking the pleas.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Broyles, P. J., and Harwell, J., concur.*