Judge Marshall

delivered the Opinion of the Court.
John Oldham and John Mitchum having been partners in a mill and cotton factory, in the town of Versailes, dissolved their partnership on the second of November, 1836; and on the twelfth day of the same month, a writing purporting to be the note of Oldham and Mitchum, as principals, with others as their securities, for eight hundred dollars, payable to the President, Directors and Company of the Bank of Kentucky, at their Branch Bank in Lexington, was executed, in the firm name of Oldham and Mitchum, by Oldham.
To a suit brought upon this note, against all the parties, Mitchum pleaded non est factum, and also the dissolution of the partnership, and the want of authority in Oldham to bind him. And the case turned, in the Circuit Court, upon the question whether there had been sufficient notice of the dissolution to affect the plaintiffs, who had had no previous dealings with the firm of Oldham and Mitchum.
It was not necessary to prove express notice to the plaintiffs. Partners, upon dissolving their connection, are not required to give personal notice to any except those who have had previous dealings with them. They could not give direct notice to every body. And as to those who have not had previous dealings with them, it is only requisite that they should afford to all who may be concerned, a reasonable opportunity of knowing the fact of dissolution. This being all that the partners can be expected or required to do, they are entitled, upon having done this, to the benefit of the reasonable implication, that all who may be concerned, have had, or might have had, notice. But while it is easy to perceive that, it is *167 incumbent on the partners to furnish reasonable means or opportunity of knowledge to all who may be concerned, it is difficult to prescribe the exact nature of the means or opportunity of knowledge which must be afforded, or the precise extent to which it must be diffused or circulated. This must in a great degree depend upon the nature of the business in which the firm is engaged, and the extent of its ordinary dealings and transactions. The same means and opportunity of notice could not be required in the case of the dissolution of an obscure partnership, the entire sphere of whose operations is confined to the village or small neighborhood in which its business is done, as in the case of a partnership in a business more important and extensive.
There being no rule or usage here (as in England) requiring notice to be published in ‘the gazette,’ and giving effect to such publication, at least where special notice is not required, the reasonableness of the notice in any given case, and the extent to which it should furnish the opportunity of knowing the fact, must depend upon the nature of the occupation in which the firm was engaged, and the extent of dealing belonging generally to that occupation. If from the nature of the occupation, the dealings and business of the firm should be presumed to be confined to a particular town or neighborhood, a general notice within that town or neighborhood, might be deemed sufficient, unless it were shown that their dealings were in fact more extensive.
But there is not, either in the nature of the occupation of manufacturing cotton, or in the purposes and objects of carrying on such a business, in this country, any ground for presuming that the dealings and transactions of the establishment are or may be confined to the particular village in which the factory itself is situated, and there is nothing in the evidence to authorize any such presumption. We cannot, therefore, say, and the jury were certainly not bound to say, that the notice of dissolution, given merely by posting up printed statements of the fact in four or five of the most public places in the town of Versailles, furnished such means of knowing the fact, or showed such an effort on the part of the dissolving part *168 ners, to give the means and opportunity of knowing the fact to all concerned, as the nature and presumed extent of their business required.
We cannot, of course, decide that the verdict, which in effect finds that the notice was insufficient, is contrary to the evidence; and there is no ground for directing a new trial of the case, unless it be found in some error of the Court, in the progress of the trial, whereby the defendants were prejudiced. But although the court appears, from the bill of exceptions, to have instructed the jury on the motion of the plaintiffs, no such instructions are copied into the record, and we cannot presume that they were erroneous. It is a sufficient objection to the instruction asked for by the defendant, and refused by the Court, that it involves the proposition that the advertisement of the dissolution, made as above stated, might be considered by the jury as having "diffused the information as generally as if it had been published in a newspaper in Lexington, or in one in Versailles, if one had been published there.” In the nature of things, a newspaper is calculated to diffuse the information which it contains more widely and more certainly, than any publication of the same fact in a particular town whether by oral proclamation, or by printed notice posted up at particular places. And although it may be true, that the publication of a dissolution in a newspaper, is not in point of law absolutely indispensable; yet it is also true, that it is the duty of the partners to give reasonable notice; that is, to use reasonable efforts to notify the public of the dissolution. And we are not prepared to say that, when there were newspapers so convenient as those printed at Lexington, and when the partners were engaged in a business which must have made their firm known by its transactions, beyond the limits of Versailles, and probably beyond those of the county of Woodford—the local publication of the dissolution within the town of Versailles, was a reasonable notice of the fact, or showed a reasonable effort to’ give the requisite publicity to it. At any rate, as the jury have found that it was not so, without, as we must presume, any improper directions from the Court, we cannot disturb their virdict.
Wherefore, the judgment is affirmed.