JUDGE PRYOR
delivered the opinion oe the court.
The appellant, S. L. Gaar, and one Henry Cox were partners in a nursery, and engaged as such for a number of years in purchasing and selling fruit trees. This partnership terminated by dissolution on the 1st of January, 1873, and the business was thereafter conducted by Henry Cox, he becoming the sole owner of the nursery. Their place of business was near Anchorage, in the county of Jefferson; and when the dissolution took place no notice, by way of advertisement or otherwise, was given by the partners that Gaar had retired from the firm, although it seems to have been generally known in the neighborhood where the business was conducted that Gaar had no longer any interest in it.
On the 15th of October, 1873, Cox purchased of the appellees, Huggins & Bro., at their nursery in the county of Barren, a number of fruit trees, and ordered them to be shipped in the name of Gaar & Cox, and, as the proof conduces to show, purchased the trees in the name of the old firm. Cox failing to pay for the trees, Huggins & Bro., the appellees, instituted this action against Gaar & Cox to recover the agreed price. A judgment by default was rendered against Cox, and Gaar, the appellant, having denied by answer that he was a partner when the trees were purchased, or any knowledge of the use of his name, or that of the old firm by Cox at the time of the purchase, was made liable on the final hearing for«the amount claimed by the appellees, and of which he now complains.
The testimony establishes the fact that during the existence of the partnership between Gaar and Cox the latter sold the firm of Z. R. Huggins & Co., of Barren County, engaged in a like business, trees of the value of fifteen or sixteen dollars. This firm of Z. R. Huggins & Co. was dissolved by the death of the father, and a new firm, in the same business, was formed by the surviving partner and his brother, known by *261 the firm name of Huggins & Bro., who are the present appellees.
The jury, under the directions of the court, returned a special finding, as well as a general verdict. This general verdict was for the defendant (the appellant); but the court, on motion of the plaintiffs, rendered a judgment non obstante veredicto.
The special finding was to the effect — -first, that no notice of the dissolution had been publicly made; second, that the trees were sold in good faith by the appellees to the firm of Gaar & Cox, and without notice of the dissolution; third, that the firm of Z. R. Huggins & Co., prior to the dissolution of the firm of Gaar & Cox, had dealings with the latter to the amount of $16, and that one of the present appellees (Jas. P. Huggins), now a member of the firm of Huggins & Bro., was a member of the firm of Z. R. Huggins & Co. when this dealing with Gaar & Cox took place; fourth, that in January, 1873, it was known in the neighborhood of Anchorage that the partnership between Gaar and Cox had been dissolved.
The general rule applicable to the liability of a partner retiring from the firm in regard to those who have had dealings with the firm, in order to avoid future responsibility, is to show notice to such persons of the dissolution, or actual knowledge on their part, or the adequate means of knowledge, that the firm no longer exists. (Mitchum, &c. v. Bank of Kentucky, 9 Dana, 166; Parsons on Partnership, 412.)
A retiring partner is not required to give notice so as to relieve himself from liability to those who for the first time deal with the firm after the dissolution takes place, unless he permits his name to be used in the transaction of the business, or so conducts. himself with reference to the firm transactions as to induce the belief in those dealing with the firm that he is still a member. (Kennedy v. Bohannon, 11 B. Mon. 119.)
*262 In the absence of some of the exceptions growing out of the existence of facts varying the general doctrine on this subject, a new customer after the partner has retired from the firm can not be said to deal with the firm upon the credit of one who has ceased to be a member of it, and for this reason he must look alone to the actual partners.
There is no doubt, from the testimony in this case, as to the dissolution of the partnership between the appellant and Cox on the 1st of January, 1873. The fact was notorious in the neighborhood where the business was transacted, although no public notice had ever been given. More than nine months had elapsed between the date of dissolution and the period at which the trees were sold by the appellees to Cox, and those who had not previously dealt with the firm had ample opportunity, at least during this time, of ascertaining that the firm no longer existed, and can not be said to have contracted pa the credit of the retiring partner.
It is not shown that Gaar was apprised of the fact that Cox. was using his name or that of the firm in conducting the business, or in any manner aided Cox in obtaining credit, and he can not be made liable to the appellees, unless the transaction between the firms of Gaar & Co. and Z. R. Huggins & Co., that took place years before, creates such a responsibility. This transaction consisted only in a purchase of trees for cash, amounting to $16. Whether such a dealing, as between the firms actually conducting the transaction, would entitle either to actual notice of the dissolution from a retiring partner is one of some doubt; but if notice in such a state of case is deemed essential, we see no reason for applying the rule so as to require notice by the retiring partner to a new and different firm, for the reason only that one of the members of the last-named firm had been a member of the firm with which the original transaction was made.
The firm of Huggins & Bro. never had any dealing with *263 the firm of Gaar & Cox, and was not entitled to notice of the . dissolution. The firm of Z. E. Huggins & Co. is asserting no claim against the appellant, and in fact no longer exists, and the appellant was not required to know that some one of its members had formed another and different .partnership for conducting the same business, nor was he under any obligation to give this new firm notice of the fact that his partnership with Cox had long since terminated. A notice given to Z. E. Huggins & Co. could not be construed as a notice to Huggins & Bro., or affect in any manner the rights of Huggins & Bro. in this litigation. If the last-named firm was entitled to notice, the fact that notice had been given or inclosed by letter to Z. E. Huggins & Co., a firm no longer in existence, would not have protected the appellant or relieved him in any manner from the payment of the debt.
The general verdict returned by the jury was based upon instructions to the effect that the appellees were not entitled to notice, and we see no reason for disturbing this finding.
The judgment of the court below is therefore reversed, with directions to enter a judgment for the defendant.