CASE 39—ACTION ON ACCOUNT—Nov. 1.

## Ach & Co. v. Barnes & Co.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

1. PARTNERSHIP—NOTICE OF DISSOLUTION.—In the absence of notice of dissolution, a person retiring from a mercantile firm is liable to persons with whom the firm had dealt for goods sold the remaining member who conducts the business in the old firm name.

2. SAME—NOTICE TO TRAVELING SALESMAN.—In such a case notice to the traveling salesman through whom the goods were sold of the dissolution is, in law, notice to the firm whom he represented.

A. C. MOORE FOR APPELLANT.

Whether or not, where partners who have been accustomed to deal with a wholesale firm, continue to do so after the withdrawal of one of the partners, the retiring member is liable to them upon an account for goods sold to the firm after her withdrawal in the absence of actual notice to the wholesale firm that she had withdrawn; or would notice of the dissolution, if any given by the retail firm to the traveling salesman of the wholesale firm, be actual notice to the firm itself? 5 Ky. Law Rep., 326; 10 Ky. Law Rep., 570; 17 Ky. Law Rep., 335; 1 Lawson's Rights, Remedies and Practice, p. 93; 17 Am. & Eng. Ency. of Law, 123; 9 Dana, 166; 5 B. Mon., 168; 11 B. Mon., 118; 12 Bush, 259.

JAMES & JAMES AND BLUE & NUNN FOR APPELLEE.

The principal is bound by notice given to his agent of a state of facts affecting the business which he may transact as agent. Citations: 1 Am. & Eng. Ency. of Law (2d ed.), 1144; Fowler v. Halbert, 4 Bibb, 53; Tobin v. Helm, 4 J. J. Mar., 293; Insurance Co. v. Hart, 16 Ky. Law Rep., 346; Bramblett v. Henderson, 41 S. W. R., 575; Kerr v. Franks, 17 Ky. Law Rep., 335; s. c. 30 S. W. R., 1012.

Ach & Co. v. Barnes & Co.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellants to recover upon an account for goods and merchandise sold and delivered to M. L. Barnes & Co, which firm, it is alleged consisted of appellee M. L. Hibbs (nee M. L. Barnes) and her daughter, Nina Barnes.

Mrs. Barnes, answering for herself, admits that a co-partnership had existed between herself and daughter under the firm name of M. L. Barnes & Co., but says that the partnership had been dissolved before the account sued for was created; and further alleges that plaintiff's traveling agent and salesman, Mr. Myers, who sold the merchandise sued for, was fully and particularly apprised of the fact of the dissolution of the partnership, and that she had no further connection or interest therein at the time the goods were sold by him to her daughter.

The reply does not controvert that Myers was the traveling agent of appellants, or that he sold the goods, but does deny that he (Myers) or appellants knew of the alleged dissolution.

The trial resulted in a verdict and judgment for the defendant Mrs. M. L. Hibbs.

The testimony shows that M. L. Barnes, a widow, and Nina Barnes, her daughter, had been conducting a millinery business at Marion, Kentucky, under the firm name of M. L. Barnes & Co., and that this business was continued until shortly before the marriage of the mother on the 14th day of August, 1895. The mother and daughter both testify that a day or two before the marriage Mrs. Barnes gave to her daughter all of her interest in the business, and that by mutual consent the partnership was dissolved, but the business was continued by the daughter under the old firm name. There

was no publication of any notice of the dissolution, but the daughter and another witness testify that, a few days after the dissolution, William E. Myers, the traveling sales agent of appellants, came into the store for the purpose of making sales, and that she (Nina Barnes) at the time informed him of her mother's marriage, of the dissolution of the partnership, and that she had decided to continue doing business under the old firm name, and that after that date his firm would have to look to her for payment of goods sold to M. L. Barnes & Company; that Myers approved of her plan of not changing the name, and consented to the arrangement, and that she bought the goods of appellants from Myers after this conversation with full notice on his part that her mother was not liable. She also testifies that subsequently she was in the storehouse of appellants in Cincinnati, and whilst there personally informed Samuel Ach of the same facts.

All of this testimony as to the notice of dissolution of the co-partnership of Mary L. and Nina Barnes is denied by both the traveling salesman and Ach.

Upon the trial the court instructed the jury, in substance, that they should find for appellants on the account sued for, unless appellants or their agent, Myers, who sold the goods, had received notice or information prior to the sale thereof that Mary L. Hibbs (nee Barnes) had retired from the firm of M. L. Barnes & Co.

It is insisted that appellants were not bound by any notice given to its traveling salesman who sold the goods, and that the court erred in failing to sustain their motion to strike out this averment from the answer, and to exclude the testimony based thereon, and in telling the jury that they were bound by the notice given to such agent.

When an ostensible partner retires from the firm, he must

give notice of his retirement to those who have had dealings with the firm in order to avoid future responsibility, or must show actual knowledge on their part, or adequate means of knowledge, that the firm no longer exists; but it is not important in what manner the notice is given. (See Mitchum v. Bank of Kentucky, 9 Dana, 166; Gaar v. Huggins & Bro., 12 Bush, 261; Parsons on Partnerships, p. 412, and Collyer on Partnership, p. 1059.)

And notice to the agent in reference to or in connection with any business in which the agent is engaged by authority of the principal, and where the information is so important a fact in the transaction as to make it the duty of the agent to communicate it to the principal, is, in contemplation of law, notice to the principal, upon the theory that it is the agent's duty to communicate to his principal knowledge which he has respecting any business in which he is engaged for the principal; and the presumption is that he will perform his duty. (See Bramblett v. Henderson, 19 Ky. L. R., 693, [41 S. W., 575]; German Insurance Co., v. Hart, 16 Ky. Law Rep., 346; Fowler v. Halbert, 4 Bibb, 52.)

We are of the opinion that if information of the dissolution of the partnership was actually communicated to the salesman of appellants at the time of or before the sale of the goods, it is, in contemplation of law, a sufficient notice thereof to appellants. The instruction properly submitted the question of the notice to the jury, and their finding upon this question of fact is conclusive.

Judgment affirmed.