## 8858.  FRANKLIN BUGGY COMPANY *v.* CARTER.

Where, after dissolution of a partnership, a former member of the firm, on being approached and offered goods for sale by a traveling salesman for a dealer who before the dissolution sold goods to the firm, tells the salesman that he is no longer a member of the firm, this is notice of the dissolution to the dealer represented by the salesman. The court in this case did not err in admitting evidence as to such notice, or in charging the jury as to its effect.

The evidence authorized the verdict; and the affidavits as to newly discovered evidence are insufficient.

DECIDED JANUARY 21, 1918.

Complaint; from Stewart superior court—Judge Littlejohn. April 20, 1917.

Suit on a promissory note signed, "E. L. & J. B. Carter, by J. B. Carter," and payable to Franklin Buggy Company, was brought by the payee against E. L. and J. B. Carter, who were alleged to be a partnership. E. L. Carter filed a plea denying that he had executed the note or had authorized its execution, and denying the existence of the alleged partnership, or that he was a member of the firm, at the time of the execution of the note. The trial of the case resulted in a verdict in his favor. A new trial was refused to the plaintiff, and it excepted. Grounds 1, 2, and 3 of the amendment to the motion for a new trial are as follows:

1. "Because the court allowed, over the objection of attorney for the plaintiff, the admission of the testimony of E. L. Carter, as follows: 'Mr. Henslee came to me and wanted me to purchase some buggies. I don't remember the date, but it was some time in 1914, I think, and I told him I was no longer a member of the firm, and he would have to see Mr. J. B. Carter. That happened several months before the execution of the note sued on.' The attorney for the plaintiff then and there objected to this testimony, on the grounds, that no evidence had been shown to connect said Henslee with the plaintiff as having authority from the plaintiff to receive notices of dissolution from parties, and that such notice did not bind the plaintiff, and was not actual notice to the plaintiff; furthermore that said evidence would be hearsay to the plaintiff. The court allowed this testimony to be admitted, and the plaintiff's attorney then and there excepted to the same and now assigns the same as error, for the reason that the testimony is illegal, hearsay, and would not be such notice as to bind the plain-

tiff, under the law of giving notice to parties who were former customers and creditors of the alleged partnership." (From the evidence it appeared that the note sued on was for buggies sold by A. H. Henslee, a traveling salesman of the plaintiff in 1914, on orders given by J. B. Carter, in the name of E. L. & J. B. Carter, who had in previous years dealt in buggies as a partnership and had bought buggies from the plaintiff. E. L. Carter testified that the firm dissolved in 1913.)

2. "Plaintiff amends further by alleging: that the evidence shows that the representative of the plaintiff did not have the authority to pass on the financial standing of parties, and had no connection with the plaintiff further [than?] to act as salesman, and that it was not in the scope of the business of the salesman, A. H. Henslee, to receive notices of the dissolution of partnership; and under this showing it was error in the court to allow the admission of evidence, over against objection by plaintiff, to the effect that notice to the salesman was notice to the plaintiff of the dissolution of partnership. Plaintiff herein assigns the same as error."

3. "Plaintiff further alleges that the court erred in charging as follows: 'Now I charge you that if the authorized agent or salesman of the plaintiff, the Franklin Buggy Company, came here for the purpose of selling goods, and approached the defendant in this case, E. L. Carter, and if E. L. Carter informed him that the partnership of E. L. & J. B. Carter was dissolved, and that he had nothing further to do with it, and then, if that salesman went and sold these goods to J. B. Carter,—went to the old place of business and sold the goods to him,—and J. B. Carter issued orders, or any order, in the name of E. L. & J. B. Carter, that would not be binding on E. L. Carter. I charge you that notice to the traveling salesman, if you find there was a traveling salesman, that took orders for the goods, then notice to him that the partnership had been dissolved would be sufficient notice to the Franklin Buggy Company to relieve E. L. Carter from liability in this case, if that partnership had been dissolved prior to the giving of the order for the goods, prior to the purchase of the goods, and that notice had been given to the traveling salesman who took the order for the goods for which the note sued on was given.' Plaintiff alleges that the above charge was error, for that the giving of no-

37

tice to the salesman by one of the partners was not actual notice to the creditor of the partnership, especially when the evidence discloses that it was not the business of the salesman to pass on partnerships, credits, and standing of mercantile businesses."

*T. T. James,* for plaintiff, cited: *Collins* v. *Crews, 3 Ga. App.* 238 (4) ; *Mims* v. *Brook,* 3 *Ga. App.* 247 (6) ; *Camp* v. *Southern Bkg. Co.,* 97 *Ga.* 582; *Lewis* v. *Equitable Mortgage Co., 94 Ga.* 572 (4) ; *Wallon Guano Co.* v. *McCall,* 111 *Ga.* 114; *Wikle* v. *L. & N. R. Co.,* 116 *Ga.* 309; Moon Brothers Carriage Co. *v.* Devenish, 42 Wash. 415 (85 Pac. 17, 7 A. & E. Ann. Cases, 649). Cases cited for defendant distinguished; citing also: Hamberger *v.* Marcus, 157 Pa. 133, 139; *Clark* v. *Cumming,* 77 *Ga.* 64, 67; 9 Corpus Juris, 510, § 10; Id. 536, § 37.

*G. Y. Harrell,* for defendant, cited: Civil Code (1910), §§ 3598-9; *Githens* v. *Murray,* 92 *Ga.* 748, 750; 9 Corpus Juris, 536, § 38; Jenkins Brothers Shoe Co. *v.* Renfrow, 151 N. C. 323 (66 S. E. 212, 25 L. R. A. (N. S.) 231).

BLOODWORTH, J. 1. There was no error in admitting the testimony of E. L. Carter as complained of in the ground 1 of the amendment to the motion for a new trial.

2. "A ground of a motion for a new trial based upon the admission of testimony is altogether vain and futile unless the ground is complete in itself and shows what objections to the testimony were urged at the time it was offered or admitted. *Register* v. *State,* 10 *Ga. App.* 623 (74 S. E. 429); *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414) ; *Cook* v. *State,* 134 *Ga.* 347 (67 S. E. 812) ; *McCray* v. *State,* 134 *Ga.* 416 (68 S. E. 62, 20 Ann. Cas. 101) ; *Georgia Railroad* v. *Daniel,* 135 *Ga.* 108 (68 S. E. 1024) ; *Jones* v. *State,* 135 *Ga.* 357 (69 S. E. 527) ; *Johnson* v. *Ware,* 135 *Ga.* 365 (69 S. E. 481) ; *Glasco* v. *State,* 137 *Ga.* 336 (73 S. E. 578) ; *Hill* v. *Chastain,* 138 *Ga.* 750 (75 S. E. 1130). And it must appear that the same objection urged in the motion for a new trial was made upon the trial. *Murphy* v. *Creamer,* 10 *Ga. App.* 593 (74 S. E. 61) ; *Cooner* v. *State,* 16 *Ga. App.* 539 (85 S. E. 688), and cases there cited." *Wilkinson* v. *State,* 18 *Ga. App.* 330 (2) (89 S. E. 460). For these reasons, ground 2 of the amendment to the motion for a new trial can not be considered by this court.

3. As we see this case there was no error in the charge com-

plained of in ground 3 of the amendment to the motion for a new trial. The effect of the verdict is to establish the fact, so far as this court is concerned, that the notice to the traveling salesman was given as claimed by the defendant. The only question for determination is, was the notice sufficient? Section 3163 of the Civil Code (1910) is as as follows: "The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world. By the retiring of a dormant partner, it must be made known to all who had knowledge of his connection with the firm." As the plaintiff in this case had previously sold goods and given credit to the firm of which the defendant was formerly a member, that firm was a "creditor" in the meaning of the word as employed in this section, and it must appear that actual notice was given to the said firm. *Bush* v. *McCarty Co., 127 Ga.* 308 (56 S. E. 430, 9 Ann. Cas. 240). Section 3599 of the Civil Code (1910) is as follows: "Notice to the agent of any matter connected with his agency is notice to the principal." The question then arises, is the giving by a former member of a firm to a commercial traveler, "a drummer," whose business is to sell goods for his principal, notice of the dissolution of the firm a "matter connected with his agency?" We think it is. Where a firm is dissolved, and a salesman approaches a former member thereof and is told he is no longer a member of the firm, we think this is actual notice to the principal; and where the salesman later goes to the other member of the firm, who gives an order for goods and signs the firm's name thereto, we think it is the duty of the salesman to report to his firm the information received from the former member concerning the dissolution, and his failure to do so would not prevent the member of the firm who had retired from successfully pleading "no partnership," especially when sued upon a note given after dissolution, in renewal of the account. See Civil Code (1910), §§ 3188, 4387. A case almost exactly like the instant one is that of Ach *v.* Barnes, 107 Ky. 219 (53 S. W. 293), in which it was held that notice to the plaintiff's traveling salesman that the defendant had withdrawn from a firm to which the salesman sold goods for the plaintiff was notice to the plaintiff, so as to relieve the defendant from liability for the price of the goods sold.

4. The alleged newly discovered evidence can not be consid-

ered, for it is not made to appear "by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Civil Code (1910), § 6086.

5. There was evidence to support the verdict and no error was committed when a new trial was refused.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*