29355. TERRELL ELECTRIC COMPANY *v.* MILLER.

DECIDED MARCH 7, 1942.

*Joe M. Lang, John D. Edge,* for plaintiff.
*Y. A. Henderson,* for defendant.

STEPHENS, P. J. On September 21, 1936, a contract was entered into between the Terrell Electric Company of Chattanooga, Tennessee, and H. J. Miller and H. H. Foster of Gordon County, Georgia, by which Miller and Foster were given the exclusive right to sell the merchandise of the electric company, consisting principally of electric refrigerators, electric ranges, electric water heaters, electric laundry equipment, radios, and other small electric appli-

ances, in Gordon County, upon a commission basis. The contract provided that the electric company would furnish to Miller and Foster a reasonable amount of such merchandise for display purposes, for the safe keeping of which the latter were to be responsible; that the title to any merchandise consigned for sale was to remain in the electric company until it received the purchase price thereof in full; that upon the sale by Miller and Foster of any of such merchandise for cash they would remit in full to the electric company; that all expenses incurred in the sale of the merchandise should be borne by Miller and Foster; that Miller and Foster should submit to the electric company all applications for purchases of such merchandise on credit subject to its approval; that it should be the duty of Miller and Foster to make all collections and remit the proceeds to the electric company; that it should be the duty of Miller and Foster to install all electrical appliances sold and service them for a period of one year from the date of sale; that Miller and Foster should receive for their services in selling, installing, and servicing such merchandise a commission of fifteen per cent. "of the cash delivered prices therefor;" that the electric company should remit promptly to Miller and Foster "for all earnest commissions;" that Miller and Foster should exhibit for sale only the merchandise of the electric company; and that the contract could be dissolved by either party giving to the other party thirty days notice of intention to terminate it. The electric company furnished merchandise to Miller and Foster under this contract. Miller and Foster sold such electrical appliances as partners under the name of Calhoun Electric Company, which trade-name was registered in the county on December 23, 1936. Thereafter, on June 1, 1937, Miller withdrew from this partnership, thereby automatically causing a dissolution thereof. He notified in person one Townsend, at that time an officer of the electric company, and who as such had executed the sales contract on behalf of the Terrell Electric Company, that he was withdrawing from the partnership. At that time all of the merchandise consigned to the partnership by the electric company was either on display at the partnership's place of business or had been sold and the proceeds remitted to the electric company. Thereafter, the Terrell Electric Company furnished additional merchandise under the contract, invoiced at $179.41, apparently to Foster, who evidently continued the sales.

agency for the Terrell Electric Company in Gordon County, the last item being invoiced on December 15, 1937. On March 3, 1938, four notes were executed by H. H. Foster in the name of Calhoun Electric Company in favor of the Terrell Electric Company for the aggregate sum of $645.69. It does not appear that Miller had anything to do with this transaction. This sum represented the balance charged for merchandise furnished by the Terrell Electric Company to the sales agency in Gordon County remaining after the remittance to the Terrell Electric Company of $100 on January 13, 1938. Thereafter, on October 31, 1938, $45.69 was remitted, which sum was credited on the first of the notes executed on March 3, 1938. On December 23, 1940, the Terrell Electric Company brought suit against H. H. Foster and H. J. Miller trading as Calhoun Electric Company, and alleged that the defendants were due it the sum of $600 because they had breached the contract referred to by failing to remit to it the proceeds of its merchandise sold under the contract to the extent of $600. Miller answered and denied liability on the ground that he had withdrawn from the partnership on June 1, 1937, at which time there was nothing due to the plaintiff under the contract, and that he was not liable thereafter for merchandise of the plaintiff sold by Foster, the remaining member of the Calhoun Electric Company, or for any merchandise thereafter furnished under the sales agency contract. A judgment in default was entered against Foster. The case proceeded to trial against Miller and the above narrated facts appearing from the evidence the court directed a verdict for Miller. The plaintiff moved for a new trial which was overruled and it excepted.

"Every partnership is dissolved at any time by the mutual consent of the parties." Code, § 75-107. The personal notice given by Miller to Townsend, at that time an officer and agent of the plaintiff, was a sufficient notice to the plaintiff of a dissolution of the partnership. Code, § 75-108; *Franklin Buggy Co.* v. *Carter,* 21 *Ga. App.* 576 (94 S. E. 820). A dissolution of a partnership absolves the partners from all liability for future contracts and transactions. Code, § 75-109. Miller was not liable for any of the merchandise which was furnished by the plaintiff to Foster after June 1, 1937, when the partnership was dissolved and notice thereof given to the plaintiff. However, as to any of the electric appliances which were on hand and in the store of the sales agency

at the time of the dissolution of the partnership and which had not been sold, Miller became surety for his former co-partner for the remittance by the latter to the plaintiff of the proceeds from the sale, after the dissolution, of any of such merchandise. *Grigg v. Empire State Chemical Co.,* 17 *Ga. App.* 385 (87 S. E. 149). When the plaintiff accepted the promissory notes signed in the name of the former partnership by Foster on March 3, 1938, which was after the dissolution of which it had notice, and without Miller's consent, Miller was not bound by the notes, and the effect thereof was to release him from liability for the proceeds derived from the sale of so much of the plantiff's merchandise as was in possession of the partnership at the time it was dissolved, the sum of which proceeds was included in such notes. See *Bennett* v. *Watson,* 31 *Ga. App.* 367 (120 S. E. 802) ; *Preston* v. *Garrard,* 120 *Ga.* 689 (48 S. E. 118, 102 Am. St. R. 124, 1 Ann. Cas. 724) ; *McIntyre* v. *Massey,* 11 *Ga. App.* 458 (75 S. E. 814).

It follows that the plaintiff was not entitled to recover of Miller on the contract under the facts of this case, and the court did not err in directing a verdict for that defendant.

The court properly overruled the motion for a new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*