Cothran vs. Cunningham.

COTHRAN *vs.* CUNNINGHAM.

It is admissible for indorsers of a promissory note to prove that they were entitled to notice of demand of payment and refusal to pay by giving evidence that the note on which the endorsement was made, was given for negotiation, or intended to be negotiated at a bank, or that it was deposited in a bank for collection.

Complaint, in Floyd superior court. Tried before Judge HAMMOND, February Term, 1859.

This was an action by C. F. Cunningham, as endorsee, against W. S. Cothran & Co., endorsers, on the following promissory note :

$357 00.                                Nov. 17, 1857.

Thirty days after date we promise to pay to the order of W. S. Cothran & Co., three hundred and fifty-seven dollars, value received, payable at the office of W. E. Lucy & Co., at Gadsden, Ala.

[Signed.]                    W. E. LUCY & CO.

Endorsed, "W. S. COTHRAN & Co."

W. S. Cothran, one of the defendants, testified that he did not know anything about the endorsement until after the note became due, and then Pentecost, (a partner and a defendant,) told him they were endorsers. Did not know whether Pentecost was in Rome at the date of the note or not—he never saw the note, and only knows what

Pentecost told him. They, the defendants, have agencies and offices in Alabama—they are doing a steamboat business in that State—does not know were the note was endorsed—the note was discounted in bank.

The jury found for the plaintiff, and defendant moved for a new trial, which the court overruled and defendants excepted.

D. S. PRINTUP, for plaintiffs in error.

UNDERWOOD & SMITH, contra.

By the Court.—McDONALD, J., delivering the opinion.

Indorsers of promissory notes given for negotiation, or intended to be negotiated at any chartered bank, or deposited in any chartered bank for collection, are entitled to notice of the demand and non-payment of said notes before they are liable on their endorsements. Cobb's new Dig., 594. The note sued on is not payable at a bank, and it does not appear on its face that it was given for negotiation, or intended to be negotiated at a chartered bank, or that it was deposited in such bank for collection. But, notwithstanding it does not so appear on the note, the indorsers are not precluded from shewing it. If a promissory note be negotiated at a bank, it is some evidence that it was intended to be negotiated there, and evidence that it was so negotiated ought to be admitted, that the jury may consider it. But it is by no means conclusive evidence that it was intended to be negotiated at the bank where it was made and endorsed, but is certainly testimony that ought to be considered in trying that issue. If, in addition to evidence that the note was negotiated at bank, it be proved that it was negotiated in renewal of a note which had been given by the makers to the bank, the presumption would be very much strengthened, if it would not become a conclusive one, that it was

Cothran vs. Cunningham.

given for negotiation at the bank.   It would be difficult to resist the conclusion that such was the fact.   If the note was. not, in fact, negotiated at the bank, but was deposited there for collection, then the endorsers were entitled to notice.  We think the court below erred in rejecting this evidence; and, inasmuch as the alleged error of the court in ruling it out, is made the first ground in the motion for a new trial, it is our judgment that the court ought to have granted it.

It was no defence that the plaintiffs in error were accommodation endorsers.   Bills of exchange and promissory notes are an exception to the rule which requires a consideration to give validity to a contract; and if the plaintiffs in error desired to avail themselves of the laches of the holders in suing, they ought to have given notice to sue.   Without this notice, they run the risk of the insolvency of the makers.   If they wished to have avoided risk, they should have given the notice or paid the note, and sued on it themselves.   There was no error in the rejection of Sloan's evidence, therefore.

Under the evidence, the contract was *presumptively* made in Georgia.

As the law was expounded by the presiding judge, in excluding evidence offered by plaintiffs in error, the verdict was not subject to the objection made in the fourth ground in the motion for a new trial.

The principle involved in the fifth ground in the motion for a new trial, depends so much upon the question, how the jury should find the facts which would make a notice necessary, we forbear to pass upon it.   If demand and notice be necessary to render the indorsers liable, we will say that there must be a *legal* demand.

As the law was expounded in the court below, the verdict conformed to it.   We cannot assume facts to exist which were proposed to be proven, but not admitted by

the court, and upon that presumption, declare that the verdict was contrary to law.

We see no error in the admission of the evidence of Col. Wade S. Cothran. He disclaims all knowledge of the time at which the endorsement was made.

What we have said on other grounds embraced in the motion for a new trial, disposes of the 8th and 9th grounds in that motion.

For the reasons we have assigned, we reverse the judgment of the court below and order a new trial.

Judgment reversed.