PARMELEE *vs.* WILLIAMS.

1. Where a negotiable draft, with a security thereon, was drawn, and accepted by the drawees, who held a mortgage to secure advances, and who received property of the drawer sufficient to pay the draft, after negotiation, the acceptors were primarily and absolutely bound therefor to the holder; the drawer was bound to pay if the acceptors did not, and his security was equally liable with him. As to the holder, the acceptors may be regarded as makers, and the drawer as a first indorser.

2. Where indulgence was granted to the acceptors in consideration of the payment of eighteen per cent interest, and the acceptors became insolvent, the security was thereby released.

(a.) It would be immaterial if the agreement to pay eighteen per cent interest were illegal and void, and if the holder were not bound by the same, but might, notwithstanding, have proceeded to enforce the payment of this draft, the indulgence being in fact granted.

(b.) If the drawer had placed in the hands of the acceptors cotton of much greater value than the amount of the draft, they were not accommodation acceptors.

3 In civil cases founded on unconditional contracts. in writing, a court will render judgment without a jury, where no issuable defence is filed under oath or affirmation. If there be a single issuable defence filed under oath, judgment by default cannot be rendered; and other pleas are not required to be sworn to, except dilatory pleas and the plea of *non est factum*.

September 18, 1883.

Promissory Notes. Drafts. Acceptance. Indorser. Security. Before Judge Bower. Baker Superior Court. May Term, 1883.

Reported in the decision.

R. Hobbs; Smith & Vason, for plaintiff in error.

A. L. Hawes; Jones & Walters, for defendant.

Blandford, Justice.

The defendant in error brought her action against William H. Whitehead, as drawer and indorser, and Charles H. Parmelee, security, upon the following paper:

"Albany, Ga., January 13, 1880.

"On the 15th day of October next, pay to myself or order, six hundred dollars for supplies furnished me to make my crop. This to be an advance under my mortgage to you, under the 13th day of January, 1880, homestead and other exemptions and protest waived. Interest at — per cent. from — day of—— 187—,

(Signed)                              William H. Whitehead.

To Welch & Bacon,        |    C. H. Parmelee, Security."
    Factors, Warehouse and  {         Endorsed.
    Commission Merchants.    {   "W. H. Whitehead."
    Albany, Georgia.         )   "Accepted, Welch & Bacon."

Charles H. Parmelee filed several pleas: First, general issue; and a special plea that he was security on the draft, and that the draft was secured by a mortgage made by Whitehead to Welch & Bacon, on his crops of cotton and corn grown on his plantation in Baker county, in the year 1880, and the crops were first to be applied to the payment of the draft; that the crop of cotton was delivered to Welch & Bacon, to pay the draft by Whitehead, to the number of 50 bales of cotton, equal in value to $1,500; that, although the plaintiff was the holder of said draft before maturity, she did not present the same to Welch & Bacon or Whitehead or to defendant, but at the instance of Edwin L. Wight, their general manager and agent, and in consideration of a sum in interest at the rate of one and one-half per cent per month to be paid to her by Welch & Bacon, to grant indulgence to them beyond the maturity of the draft; and without the knowledge and consent of him, said Parmelee, the indulgence was given by her to Welch & Bacon for the consideration of 18 per cent per annum, from the 15th of October, 1880, to 22d of December, 1880; that she did not present the draft for payment or ask any one to pay it to her, which would have been done if the same had been presented at maturity, and by reason of the non-presentation and of the extension of time given to Welch & Bacon, defendant has been damaged to the extent of the amount of the draft. And defendant further pleads that he ought not to be held bound because of the laches of the plaintiff, who held the draft, at and since the maturity thereof; that the draft was secured by the mortgage aforesaid; that the same covered more than enough property to pay the draft; that if the draft had been presented, it would have been paid, and if he had had notice of the non-payment of the same, he could have forced Welch & Bacon to foreclose their mortgage and pay the draft; that Welch & Bacon, confederating with plaintiff, kept the fact of non-payment hid from defendant, and used the cotton carried to them by Whitehead for other pur-

poses, and have become entirely insolve*t and unable to pay the draft; which pleas were duly verified by the oath of defendant.*

1. These pleas being demurred to generally, the court sustained the demurrer and dismissed the same, except the plea of the general issue.   And the question is, are the special pleas, taken together, a good defence to the plain-tiff's action ?   The defendant in error insists here that the acceptors of this draft or bill of exchange are securities for Whitehead, the drawer and indorser, and Parmelee, his security, and therefore any indulgence, whether upon consideration or not, granted by plaintiff to the acceptors, who were mere securities, as she states, constituted no legal ground of complaint on the part of defendant, Parmelee, the plaintiff in error.

While the drawer or signer of a bill of exchange, such as this, may be under an obligation to pay it, it is only an obligation to pay if Welch & Bacon, the drawees, whom he orders to pay the money, fail to pay it.   When Welch & Bacon accepted this ·draft or bill, they were at once under an- absolute obligation to pay the bill, according to its tenor, to any one who might come by it *bona fide* and in a due course of trade, but the drawer, Whitehead, and Parmelee, his security, became bound to pay it if the acceptors did not; and as to the holder of this bill, Welch & Bacon, the acceptors, are to be regarded as the makers, and Whitehead, the drawer, as the first indorser.   The respective duties and obligations of these parties stand thus ·  The acceptors are bound absolutely to pay the bill; the drawer is bound to pay it if the acceptors do not, and Parmelee, being the security of Whitehead, is equally bound with him.   1 *Parsons on Notes and Bills*, section 2, page 54; 59 *Ga.*, 840, 776; Code, §§2773, 2151.   It is

*All of the pleas appear consecutively in the record, and at the close is an affidavit that "the facts set forth in the foregoing *plea* are true," dated April 30, 1881.   Opposite one of the pleas is an entry on the margin, of "amendment sworn to May 10, 1838." Signed. "R. Hobbs, defendants' attorney." (Rep.)

seen that Welch & Bacon, the acceptors, are not securities for Whitehead, the drawer, or Parmelee, his security, but stand as the makers, and are primarily liable on this bill.

2. The next inquiry is as to the effect of the indulgence granted by the holder of this bill, as set forth in the defendant's pleas (and waiving for the present the question whether the failure of the holder to demand payment of this bill at maturity, but waiting until the acceptors had failed and become insolvent, does not of itself discharge the drawer and his security.) It is alleged in defendant's pleas that time was given the acceptors from 15th October, 1880, to 22d December, 1880, by the holder, in consideration that the acceptors would pay the holder interest at the rate of 18 per centum per annum upon the amount of this bill. Defendant in error contends that the agreement to pay 18 per centum per annum being illegal, and contrary to our usury laws of force at that time, was void, and the holder was not bound by the same, but might, notwithstanding this agreement, have proceeded to enforce payment of this draft; but the indulgence to the acceptors was granted on this agreement, and the same was fully executed by her, and the plea shows that the drawers had sufficient funds in the hands of the acceptors at that time to pay this draft, and that, by reason of this indulgence on the part of the holder, the acceptors failed and became insolvent; that if no such indulgence had been granted, the bill would have been paid at maturity, and that the drawer and his security are hurt by this act of the holder. Code, §2154: " Any act of the creditor which injures the security, or increases his risk, or exposes him to greater liability, will discharge him ; a mere failure of the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety." In the case of *Stallings vs. Johnson*, 27 *Ga.*, 564, this court held that a contract between the holder of a note and the maker, similar to the contract

set forth in defendant's pleas, was binding, and indulgence granted by the holder to the maker upon such an agreement operated to discharge the indorser. This decision is on the point, and made by a full bench, and this court adheres thereto.

It was further insisted by the defendant in error that Welch & Bacon were accommodation acceptors, but the plea avers that the drawer had placed in their hands, to meet this draft, cotton of the value of fifteen hundred dollars. They were not accommodation acceptors, if the allegations in the pleas be true, but were liable as acceptors who had funds in their hands belonging to the drawer, and were primarily liable on this draft.

It is further insisted that the court should have dismissed one of defendant's pleas, because the same was not verified by the oath of the defendant. While it was true as to some of the pleas, the plea of the general issue had been so verified. This position is equally untenable. The constitution of this state declares: "The court shall render judgment, without the verdict of a jury, in all civil cases founded on unconditional contracts in writing, where an issuable defence is not filed under oath or affirmation." Code, §§5145, 3448. There was an issuable defence filed under oath in this case, the general issue, which is such defence. The court could not in such a case render judgment, and there was no authority authorizing him to strike other pleas of defendant, although not sworn to. The only pleas that must be sworn to are dilatory pleas, and *non est factum.* The law requires none other to be sworn to, yet there must be an issuable defense filed under oath, or the court will render judgment. Only one is required to be sworn to. This court is of the opinion that the court below erred in striking defendant's pleas for any reason, and the judgment is reversed for these reasons.

Judgment reversed.