KNIGHT *v.* HAWKINS.

93  709
99   92

Where the holder of a past-due promissory note, in consideration of the prepayment in advance of usurious interest by the maker, extends the time of payment without the knowledge or consent of the surety, the latter is discharged, the creditor, at the time of granting the indulgence, knowing the fact of suretyship.

April 28, 1894. Argued at the last term.

Complaint on note. Before Judge BOWER. Decatur superior court. November adjourned term, 1892.

RUSSELL & RUSSELL, for plaintiff in error.
DONALSON & HAWES, *contra.*

LUMPKIN, Justice.

This was an action upon a promissory note, brought by B. F. Hawkins against E. G. Duren, G. W. Duren, and G. W. Knight. The note was payable to "B. F. Hawkins, or bearer," but this B. F. Hawkins died at or about the time the note matured, and before suit was brought. The plaintiff was his son, and bore the same name. He brought the suit in his own name, and not as administrator, and therefore presumably owned the note as bearer. Knight defended, alleging in his plea that he was only a surety on the note, which fact was known to "the plaintiff" when the note was given, and that at the maturity of the note, the holder, the plaintiff, without this defendant's knowledge or consent, and knowing he was only a surety, extended the time of

payment in consideration of the prepayment by the Durens of usurious interest upon the note. There was evidence to sustain this plea, but the court nevertheless directed a verdict for the plaintiff, and this is the error complained of.

The record in this case is a fair sample of the many which come to this court filled with errors, discrepancies and inaccuracies, and which consequently greatly increase our labors and often occasion considerable difficulty in understanding what a record really means. It appears that the note was admitted in evidence over the objection of the defendant Knight, but no error was assigned upon its introduction. The objection is stated to have been that the copy of the declaration served upon him showed he was sued on a note for $150 principal, with no credits thereon, whereas the note offered in evidence was for $165 principal, with a credit of $15 on it. It is impossible to ascertain from the record what the truth really was in these respects, for the copy of the declaration contained in the record shows that the note declared on was for $150.10 principal, while the copy of the note attached thereto showed that it was a note for $165 with no credit on it. The note was dated October 24, 1888, and due twelve months after date, which would be October 24, 1889. The case was tried on the 9th day of January, 1893. The verdict, which the court directed the jury to find for the plaintiff, was for $150, with interest from October 24, 1893, while the judgment entered up was for $150 principal, with interest from October 24, 1889. How so many discrepancies and inconsistencies could find their way into so short a record, and one concerning a matter so very simple, is beyond our comprehension.

Again, the only question argued in the brief filed by counsel for the defendant in error was that: "Plaintiff in error plead that he was only a surety on the note.

He sought to establish this plea by the proof of himself and his co-obligor, Duren—Hawkins, the other original party to the contract being dead"; and that "the court ruled that the defendants could not establish their defence by these witnesses, the original party being dead." There is not the slightest intimation in the record that any such question was made. On the contrary, it affirmatively appears that Knight and E. G. Duren both testified as witnesses, and that their testimony was received without objection. Indeed, upon the question of admitting the note in evidence, Knight was called and sworn at the instance of the plaintiff himself.

There is about as much confusion in the evidence set forth in the bill of exceptions as there is in the other parts of the record; but after a careful study of it, we think, as already stated, it was sufficient to sustain the plea of the defendant Knight. Therefore, the case ought to have been submitted to the jury, for if the allegations of this plea are true, this defendant was discharged. Even the prepayment in advance of legal interest on a debt is of itself sufficient to work the discharge of a surety. 2 Brandt on Suretyship, §352. The precise question made in the case at bar was decided by this court in the case of *Scott, trustee,* v. *Saffold,* 37 *Ga.* 384, in which it was held, under similar facts, that the surety was discharged. Again, in *Randolph* v. *Fleming,* 59 *Ga.* 776, it was held that where, after a note became due, interest was accepted by the payee from the makers for a short period in advance, a contract for indulgence arose by implication, and an indorser on the note was discharged. See, also, *Parmelee* v. *Williams,* 72 *Ga.* 42.

Under the facts as we gather them from the record, it was error to direct a verdict for the plaintiff, and there should be a new trial.        *Judgment reversed.*