## TANNER *v.* GUDE.

A contract of suretyship being necessarily included in every unqualified indorsement of a negotiable instrument, an agreement by the holder of a promissory note, entered into with the maker, whereby for value the latter extends the time of payment for a definite period beyond the date of maturity, if made without the consent of the indorser, discharges him, whether he be such for value or not.

Argued January 8,—Decided January 21, 1897.

Complaint on note. Before Judge Reid. City court of Atlanta. January term, 1896.

*Payne & Tye,* for plaintiff in error.
*Goodwin & Westmoreland,* contra.

SIMMONS, Chief Justice.

Upon a promissory note for $1,369.13 and interest, due August 29, 1895, Gude, on December 10, 1895, brought suit against Collins the maker, and Tanner payee and endorser, alleging that Tanner had endorsed it to him for value. Tanner filed a plea alleging: He was a mere surety on the note, which fact was known to the plaintiff. On

September 16, 1895, after the note fell due, the plaintiff, then the holder and endorsee, agreed with Collins, the maker, that if he would pay him the accrued interest on the note to its maturity and future interest for ninety days in advance, he would extend the note to December 1, 1895, and not bring suit thereon previous to that date. Collins paid said sums on September 16, 1895, amounting to $247, and the agreement between him and the plaintiff was fully executed. Defendant had no knowledge of this arrangement, and it was consummated without his consent. Nor did plaintiff make any demand of defendant to pay the note at maturity. At the time of said arrangement Collins was solvent, and would have paid the note if the plaintiff had not agreed to wait, but he has since become insolvent. By reason of this conduct on the part of plaintiff, defendant's risk has been increased, and he has been injured and exposed to greater liability, and by reason of the same he is discharged from any liability on the note. The court, on demurrer, ordered that this plea be stricken, unless the defendant would amend by denying the allegation that he endorsed the note for value to the plaintiff after its date. This was not done, and the plea was stricken. To this ruling Tanner excepted.

We think the court erred in striking the plea. The contention of counsel for the defendant in error was, that if the endorsement was for value, the endorser was not a surety, and therefore was not discharged by the extension. It is true there is a distinction between an ordinary endorser and one who is merely a surety, but a contract of suretyship is necessarily included in every unqualified endorsement of a negotiable instrument (2 Dan. Neg. Inst. §§1303, 1305; McCay, J., in *Freeman* v. *Cherry*, 46 *Ga.* 16); and the principle which protects sureties from any act of the creditor tending to injure the surety, or increase his risk, is applicable as well to endorsers for value as to those whose endorsement is for accommodation merely.

The rule has been stated thus: "If the defendant is not the principal and absolute debtor, but is a party collaterally and *contingently liable*, upon the principal debtor's default, as is the . . endorser, he may set up in defense any valid agreement between the holder of the security and the principal debtor, founded upon an adequate consideration and made without his concurrence, whereby a new and further time of payment is given to the principal debtor." 2 Greenl. Ev. §202. See, also, Story, Prom. Notes, §§412-414; 2 Am. & Eng. Enc. of Law, p. 386; 1 Brandt, Suretyship, §2; Id. §§127, 359. In the case of *Stallings* v. *Johnson*, 27 *Ga.* 564, where an endorser was held discharged by an agreement between the maker and the holder of a note for an extension of the time of payment, the endorser was, as in the present case, the payee of the note; and the contrary not appearing, the presumption is that he was an endorser for value, such being the prima facie import of the endorsement. *Freeman* v. *Cherry*, supra. We think the decision in *Stallings* v. *Johnson* controls the present case. Such an agreement as the one here referred to, between the holder of a note and the maker, precludes an endorser from availing himself of the right which he would otherwise have of paying the debt and proceeding at once to enforce his demand against the maker; and it would be manifestly unjust to allow the endorsee to thus tie the hands of the endorser until after the insolvency of the maker, and then hold the endorser liable; and this is so whether the endorser has received a consideration for his endorsement or not.

    *Judgment reversed. All the Justices concurring.*