### 4172. MacINTYRE *v.* MASSEY.

1. After dissolution of a partnership by the retirement of one of the partners, the continuing partner has no power to bind the retiring partner by a new agreement, or, as to him, renew or continue a liability of the firm. In such case the retiring partner becomes a surety to his copartner as to the debts of the partnership before dissolution.

2. A creditor of a partnership, with notice of its dissolution and with notice of an agreement by the continuing partner to assume the debts of the partnership, is bound thereafter to accord to the retiring partner all the rights of a surety. If, without the knowledge or consent of the retiring partner, the creditor of the partnership, upon a sufficient consideration, extends the time of payment of the firm indebtedness, the retiring partner is released from the indebtedness, and the creditor must thereafter look only to the firm assets and to the individual assets of the continuing partner. The receipt from the continuing partner by the holder of the partnership note of any part of the principal of the note, or of any part of the interest in advance of the time when due, without the knowledge or consent of the retiring partner, as a consideration for an extension of the time of payment of the note, would amount in law to a release of the latter's liability on the note.

DECIDED SEPTEMBER 17, 1912.

Complaint; from city court of Thomasville—Judge W. H. Hammond. March 29, 1912.

Massey brought suit against Montgomery & MacIntyre, a firm composed of J. S. Montgomery Jr. and W. I. MacIntyre, on a promissory note made in the firm name. Neither the copartnership nor Montgomery made any defense. MacIntyre filed a plea, in which he admitted the existence of the partnership prior to and up to January 15, 1910, but alleged that since that date there had been no such partnership, and that J. S. Montgomery Jr. since that date had no authority to represent or bind him with reference to the said promissory note; and he denied that he was indebted to the plaintiff in any sum whatever. He alleged that he had never seen the note sued upon, but was informed that some such note was executed by J. S. Montgomery Jr. in the manner described in the petition. He admitted the allegation as to notice with regard to the collection of attorney's fees. For further plea and answer he alleged, that on January 15, 1910, the firm of Montgomery & MacIntyre was dissolved and the business sold to Montgomery Drug Company, a corporation, which received the assets and assumed the liabilities of the copartnership; that the plaintiff knew of the sale and of the dissolution of the copartnership; that after the dissolution the plaintiff continued the said note unto J. S. Montgomery Jr., or unto the Montgomery Drug Company, J. S. Montgomery Jr. being president and managing officer, and the plaintiff collected payments on the note from J. S. Montgomery Jr., or the Montgomery Drug Company, without the knowledge or consent of MacIntyre; that the plaintiff renewed the note and extended the time of payment thereof, unto the said Montgomery or the Montgomery Drug Company, without the knowledge or consent of MacIntyre, thereby relieving MacIntyre from any liability on the note; and that neither MacIntyre nor any one for him has ever made any payment on the note or acknowledged any liability thereon. This plea was amended by alleging, that "the Montgomery Drug Company undertook to perform its contract in the premises, and, through its president and manager, did pay sums of money on said note, did pay interest in advance on said note, did place credits on the back of said note in writing, all of which was accepted by the plaintiff."

A general demurrer to the plea as amended was sustained, and

judgment was entered against the defendants for the amount sued for, and MacIntyre excepted.

*W. C. Snodgrass,* for plaintiff in error.

*Fondren Mitchell,* contra.

HILL, C. J. (After stating the foregoing facts.) The only question raised by the record is as to whether or not the plea as amended set out a good defense. Section 3188 of the Civil Code (1910) provides, that "after dissolution, a partner has no power to bind the firm by a new contract, or to revive one already for any cause extinct, nor to renew or continue an existing liability, nor change its dignity or its nature." In the case of *Preston* v. *Garrard,* 120 *Ga.* 689 (48 S. E. 118, 102 Am. St. R. 124, 1 Ann. Cas. 724), it is held: "Where a partnership is dissolved by the retirement of one of the partners, and the continuing partner agrees to assume the debts of the firm, the retiring partner becomes a surety for his copartner." "A creditor of the partnership, who has notice of the dissolution and of the agreement by the continuing partner to assume the debts, is bound thereafter to accord to the retiring partner all the rights of a surety. Hence, if, without his knowledge or consent, the creditor, upon a sufficient consideration, extends the time of payment of the firm indebtedness, the retiring partner is released from the indebtedness, and the creditor must thereafter look only to the firm assets and to the individual assets of the continuing partner." Do the allegations of the plea as amended in the present case fall within the rule of law thus announced by the Supreme Court? There was no special demurrer filed to the allegations of the original plea or the plea as amended, and, in the absence of such special demurrer, the general allegations contained in the plea and the amendments filed thereto must be accepted as sufficient. These allegations, in substance, are that after the dissolution of the copartnership and the sale of its assets, the plaintiff, who was the payee and holder of the note sued upon, had continued the note, unto J. S. Montgomery Jr. or the Montgomery Drug Company, and had collected from Montgomery payments of interest on the note in advance, and renewed and extended the time of payment of the note in consideration of the said payments, and that this was all done without the knowledge, authority, acquiescence, or consent of the defendant MacIntyre. It seems to us that these allegations are sufficient to bring the case within the

principle of the decision above cited, as well as within the spirit of the code section cited. The receipt of interest in advance, and the extension of the time of payment of the note, in consideration of such advance, would, if this was done without the knowledge of the retiring partner, relieve him from further liability on the note, and would relegate the payee, for further payment, to the partnership assets and the partner to whom the extension had been granted.

It is insisted by counsel representing the defendant in error that credits on the note, a copy of which is attached to the petition, shows that only the interest due on the note had been paid on the due dates. The dates when the credits were apparently entered upon the note would not be conclusive on that subject, and the defendant MacIntyre would be entitled to show that, notwithstanding these dates, the interest was nevertheless advanced. And besides he alleged that the time for payment of the principal of the note had been extended by the plaintiff to the continuing partner or to the successor of the partnership, without his knowledge or authority. If, on the trial, it appeared that the only payments that had been made on the note were simply the interest, and that this interest had only been paid when due, and that there was no agreement for any extension of time on account of the payment of interest, the defense on this ground would fail. But these were questions of fact which were sufficiently put in issue by the plea, and should have been submitted to the jury; and we therefore think that the trial judge erred in striking the plea as amended.

*Judgment reversed.*