### 5669. VANDIVER v. THIRD NATIONAL BANK OF ATLANTA.

The principal and the surety on a promissory note are joint and several promisors, and may be sued in the county of the residence of either. And since a contract of suretyship is necessarily included in every unqualified indorsement of a negotiable instrument, a verdict and judgment taken against a surety alone, on a promissory note unqualifiedly indorsed by him, though the action was brought against the principal also, are not void or subject to be set aside for want of jurisdiction, even though the return of the sheriff shows that the principal was not to be found in the county. "When two or more joint contractors, or joint and several contractors, or copartners are sued in the same action, and service shall be perfected on one or more of said contractors or copartners, and the officer serving the writ shall return that the rest are not to be found, it shall and may be lawful for the plaintiff to proceed to judgment and execution against the defendants who are served with process, in the same manner as if they were the only or sole defendants." Civil Code, § 5591.

DECIDED DECEMBER 9, 1914.

Motion to set aside judgment; from city court of Atlanta—Judge H. M. Reid. March 27, 1914.

*C. V. Hohenstein, Felder & Coburn,* for plaintiff in error.

*Payne & Jones,* contra.

RUSSELL, C. J. The Third National Bank of Atlanta brought suit in the city court of Atlanta against A. S. Whitfield and S. L. Vandiver on a promissory note for $350, alleging both defendants

28

to be residents of Fulton county. The return of the sheriff showed that Vandiver had been served in Fulton county, but that as to Whitfield there was no service, and that he was not to be found in the county. A verdict and judgment by default were taken by the bank as against Vandiver alone. Within the time allowed by law Vandiver filed a motion to set aside the judgment; the motion was overruled, and he excepted. The motion to set aside the judgment, after setting out the proceedings, alleged that Whitfield was the maker of the note sued on, and that movant was merely an indorser, and that the judgment as against the movant was void, because no service was perfected on and no proper judgment taken against the maker of the note, and further, that the judgment was void "by reason of the fact that under the laws of Georgia the maker and indorser of a promissory note must be sued in the county where the maker resides, and that at the time of the filing of the suit and ever since that time the maker of the note was and is a resident of Cherokee county, State of Georgia, and that the superior court of Cherokee county, State of Georgia, had and now has jurisdiction in this matter, and that this court had no jurisdiction at the time of filing said suit, nor up to and including the rendition of said verdict and judgment."

We are of the opinion that the court properly overruled the motion. The note sued on was payable to the order of the Third National Bank of Atlanta, and is signed by Whitfield. On the back of the note is simply the name "S. L. Vandiver," without any qualification. It was held in the case of *Tanner* v. *Gude,* 100 *Ga.* 157 (27 S. E. 938), that "A contract of suretyship is necessarily included in every unqualified indorsement of a negotiable instrument." See also *Davenport* v. *State Bkg. Co.,* 126 *Ga.* 144 (54 S. E. 977, 8 L. R. A. (N. S.) 944, 115 Am. St. R. 68, 7 Ann. Cas. 1000). It can not, therefore, be questioned that Vandiver was a surety on the note sued on. It was further held in the case of *Heard* v. *Tappan,* 116 *Ga.* 931 (43 S. E. 377), that "The principal and surety to a promissory note are joint and several promisors, and joint promisors may be sued in the county of the residence of either." See also *White* v. *Hart,* 35 *Ga.* 269 (2). It can not, then, be doubted that the suit was proceeding legally, and that the city court of Atlanta had jurisdiction of the cause. The suit was proceeding against both parties as joint and several obligors, and al-

leged them both to be residents of Fulton county. Section 5591 of the Civil Code provides, that "When two or more joint contractors, or joint and several contractors, or copartners are sued in the same action, and service shall be perfected on one or more of said contractors or copartners, and the officer serving the writ shall return that the rest are not to be found, it shall and may be lawful for the plaintiff to proceed to judgment and execution against the defendants who are served with process, in the same manner as if they were the only or sole defendants." It is clear to our minds that the case at bar comes directly within the provisions of the code section quoted, and that the court very properly, in the absence of any defense by Vandiver, allowed the plaintiff to take a verdict and enter up judgment. *Judgment affirmed. Broyles, J., not presiding.*