9300. JONES *et al.* *v.* OWENS, executrix.

1. If it was error for the court, at a term subsequent to that at which was rendered the judgment striking the answers of the defendants, to modify that judgment by declaring that it should not be enforced in so far as it struck the denial of service of notice of claim for attorney's fees, yet, as the order of modification was not objected to by the plaintiff, and as it was for the benefit of the defendants and restored to them all the rights they had before the original judgment was rendered, and as the plaintiff thereafter submitted proof of service of notice of the claim for attorney's fees, it does not appear that the defendants were injured thereby; and no reversal is demanded on this account.

2. There was no error in the other rulings of the court, in so far as they related to the pleadings of the makers of the note sued on.

3. It was error to strike the plea of the indorser of the note, that, without his knowledge or consent, the payee (whose executrix was suing on the note) extended the time of its maturity from July 12, 1913, to March 10, 1914, for a valuable consideration consisting of the payment in full of interest to the date last stated.

4. Costs are assessed, one half against the makers of the note, and one half against the plaintiff (defendant in error).

DECIDED JULY 31, 1918.

Complaint; from city court of Atlanta—Judge Reid. October 4, 1917. (Certiorari to review this decision was granted by the Supreme Court.)

Upon a promissory note of Charles C. Jones and Mrs. Ola E. Jones to Claude E. Buchanan, indorsed by the payee, suit against the makers and the indorser was brought by Mrs. Theo. C. Owens, as executrix of Frank C. Owens and individually. The note (as appeared from a recital therein) was given for a part of the purchase-price of a house and lot known as No. 14 Mechanic street, in the city of Atlanta. The case came to the Court of Appeals on exceptions of the defendants to the striking of their pleas and the direction of a verdict against them.

In the pleadings referred to in division 2 of the decision, the makers of the note set up different defenses. One of these (which will be more fully set out) is that the consideration of the note was immoral and illegal. Others were as follows: On October 21, 1913, these defendants transferred to Archibald Smith the bond for title by which Buchanan undertook to convey to them, on payment of the purchase-money, the property for which the note was given, Smith assuming payment of the note, and the time of payment having been extended from maturity (July 12, 1913) to

March 10, 1914, by the payment of interest. to the latter date.
Subsequently (June 10, 1914) Smith executed and delivered to
the plaintiff a deed to certain other land to secure the payment of
the note sued on, in which deed- it was recited that payment of
the note was assumed by Smith, "upon divers considerations him
thereunto moving;" and by the terms of the deed the time of pay-
ment was extended and the note made to stand for payment in.
installments, with interest at the rate of 8 per cent., instead of
6 per.cent. as provided in the note.   Smith failed to pay as agreed,
and the plaintiff brought suit against him and obtained judgment
for the amount of the note with interest, and the property de-
scribed in the security deed was levied on and sold to the plaintiff
for $1,000, which was applied on the fi. fa.   It is alleged, that
the execution of the security deed, the extension of the time of
payment, and the increase in the rate of interest were without the
consent of the defendants, and constituted a novation, so as to
change the person to whom the note was due, and the defendants
were thereby discharged from liability.   It is further
alleged, that at the time of this extension the market value of the
property for which the note was given was $5,000, but at the time
of the bringing of this suit the market value had decreased to
about $2,000; and the act of the plaintiff in accepting the security
deed and extending the time of payment increased the risk of the
defendants, and they were thereby discharged from liability.   It is
alleged that the plaintiff, in the manner hereinbefore set forth
and for a consideration, was guilty of negligence in the prosecu-
tion of her legal remedies against these defendants, and they were
thereby discharged from liability.

As to illegality of consideration it is alleged: The note sued on
is illegal and void, for its consideration was immoral, in that it
was given to said. Buchanan for the purchase-money of a house
built, leased, and rented by him as a house of prostitution, and
purchased by these defendants for the purpose of conducting
therein a house of prostitution, and these defendants did there-
after conduct therein a house of prostitution.   These defendants
informed said Buchanan of the purpose of their purchasing said
house,—to carry on therein acts of prostitution,—and he had full
knowledge thereof when said note was executed, and acquiesced
and agreed thereto; and Frank C. Owens purchased the note from

Buchanan with knowledge of these facts; he knew that the house was in a restricted district of the city, in which only houses of prostitution were conducted, and that it was capable of no other use, and that the said Charles C. Jones and Mrs. Ola E. Jones intended at the time of purchasing it that it was to be used for no other purpose. The price they were to pay for the property, to wit, $19,000, was greatly in excess of its real value for any lawful purpose. At the time of the delivery of the note the said Frank C. Owens became invested with title to the property in question by warranty deed from said Buchanan to him, and the legal title to it has been at all times in said Owens.

Buchanan filed pleas similar to those of the other defendants, besides the defense referred to in division 3 of the decision.

*Hewlett & Dennis* cited, as to illegality of consideration: *Howell* v. *Fountain,* 3 *Ga.* 176, 182; *Ralston* v. *Boady,* 20 *Ga.* 450-1 (1); *Harris* v. *Barfield Music House,* 18 *Ga. App.* 444; *Abbott Furniture Co.* v. *Mobley,* 141 *Ga.* 456; *Kessler* v. *State,* 119 *Ga.* 303; 2 Elliott, Con. 90, § 739; Clark *v.* Hagar, 22 Canada (Supreme Court), 510; Civil Code (1910), § 4286. As to discharge by novation, extension of time, etc.: Park's Ann. Code, § 3543; *Curan* v. *Colbert,* 3 *Ga.* 248-9; *Matthews* v. *Richards,* 13 *Ga. App.* 414; *Smith* v. *First Nat. Bank of Fitzgerald,* 5 *Ga. App.* 139; *Kalmon* v. *Scarboro,* 11 *Ga. App.* 547; *Hill* v. *O'Neill,* 101 *Ga.* 831; *Haigler* v. *Adams,* 5 *Ga. App.* 637; Oakeley *v.* Pasheller, 4 Clark & Finnelly, 207; *White* v. *Ault,* 19 *Ga.* 553; Civil Code, § 3544; *Randolph* v. *Fleming,* 59 *Ga.* 778; *Knight* v. *Hawkins,* 93 *Ga.* 709; *Bethune* v. *Dozier,* 10 *Ga.* 235, 239; *Worthan* v. *Brewster,* 30 *Ga.* 114; *Parmelee* v. *Williams,* 72 *Ga.* 43; *Owens* v. *Palmour,* 99 *Ga.* 92; *Clark* v. *Bryce,* 64 *Ga.* 486; *Hall* v. *Bank of Macon,* 71 *Ga.* 715; 7 Cyc. 883-4, and cases cited in the decision in this case.

*Mayson & Johnson,* contra, cited, as to illegality of consideration: Park's Ann. Code, § 4251; *Mechanics Realty & Improvement Co.* v. *Leva,* 16 *Ga. App.* 7; *Singleton* v. *Bank of Monticello,* 113 *Ga.* 527; *Hines* v. *Union Savings Bank,* 120 *Ga.* 711; *Phenix Ins. Co.* v. *Clay,* 101 *Ga.* 331 (65 Am. St. R. 307); *Baker* v. *Magrath,* 106 *Ga.* 421 (2); Columbia Bridge Co. *v.* Kline, Brightly (Pa.), 320; Wright *v.* Hughes, 119 Ind. 324 (12 Am. St. R. 413); Anheuser-Busch Brewing Asso. *v.* Mason, 44 Minn. 318 (20 Am. St. R. 580); Rose *v.* Mitchell, 6 Colo. 102 (45 Am. R. 522), and

cit.; Gaylord *v.* Soragen, 32 Vt. 110 (76 A. D. 154); Brunswick *v.* Valleau, 50 Iowa, 120 (32 Am. R. 119); Hedges *v.* Wallace, 2 Bush, 442 (92 Am. D. 497); Armfield *v.* Tate, 7 Ired. 259; Hodgson *v.* Temple, 5 Taunt. 181; Dater *v.* Earl, 3 Gray, 482; Gambs *v.* Sutherland, 59 N. W. 652; Bryson *v.* Haley, 38 Atl. 1006; Delavina *v.* Hill, 19 Atl. 1000; Goodall *v.* Gerke Brewing Co., 46 N. E. 983; Sprague *v.* Rooney, 82 Mo. 493 (52 Am. St. R. 383); Michael *v.* Bacon, 49 Mo. 474 (8 Am. R. 138); Tracy *v.* Talmage, 14 N. Y. 162 (67 Am. D. 132); Waugh *v.* Beck, 114 Penn. 422 (60 Am. R. 354); Wallace *v.* Lark, 12 S. C. 576 (32 Am. R. 516); Henderson *v.* Waggoner, 2 Lea, 133 (31 Am. R. 591); Tedder *v.* Odom, 2 Heisk. 68 (5 Am. R. 27); Nat. Distilling Co. *v.* Cream City Importing Co., 86 Wis. 352 (56 N. W. 864); Dennehy *v.* McNulta, 86 Fed. 825; Pittsburgh Carbon Co. *v.* McMillin, 7 L. R. A. 46; *Abbott Furniture Co.* v. *Mobley,* 141 *Ga.* 456; *Harris* v. *Barfield Music House,* 18 *Ga. App.* 444; Standard Furniture Co. *v.* Van Alstine, 22 Wash. 670 (62 Pac. 175, 79 Am. St. R. 960); *Kessler* v. *Pearson,* 126 *Ga.* 725; *McAndrew* v. *Taylor,* 15 *Ga. App.* 555; Hunt *v.* Turner, 9 Tex. 385 (60 Am. D. 167); *Ingram* v. *Mitchell,* 30 *Ga.* 551; *Virginia Bridge &c. Co.* v. *Crafts,* 2 *Ga. App.* 126; *Potts* v. *Riddle,* 5 *Ga. App.* 382; *Rowland* v. *Devon Mfg. Co.,* 19 *Ga. App.* 481.

See *Bennett* v. *State,* 20 *Ga. App.* 170.

BLOODWORTH, J. 1. The court, through inadvertence, struck that portion of the defendants' answers in which service of notice of claim for attorney's fees was denied. Upon the trial of the case the court, realizing its error, passed an order declaring that the order to strike the answers "will not be enforced so far as the same strikes the answers of the defendants denying paragraph 7 of the plaintiff's petition; and the court now offers to the defendant full opportunity to be heard on the issue made by the allegations of the plaintiff in paragraph 7, and the answers of the defendants denying the same; and if it be necessary in the opinion of counsel for the defendants, time will be given for the summoning of witnesses, or procuring testimony to be introduced on that issue, the court declaring and notifying counsel for the defendants that they are not concluded as to that issue, and may now be fully heard just as if no judgment had ever been rendered striking that part

of the answers of the defendants which denies paragraph 7 of the plaintiff's petition; and, in so far as the court may have authority, the court modifies his judgment rendered on the said motions to strike on March 5, 1917, by declaring and holding that the answers of the defendants, in so far as they deny paragraph 7 of the plaintiff's petition, are not stricken, and that the motions to strike the same are overruled." While perhaps the court could not, at a subsequent term to the one at which it was rendered, modify its judgment, yet, as the order modifying the judgment was not objected to by the plaintiff, and as it was for the benefit of the defendants and restored to them all the rights they had prior to the striking of the paragraph of the answer in reference to attorney's fees, and as the plaintiff submitted proof of the service of the notice as to attorney's fees, it does not appear that the defendants were in any way injured. This error (if error) of the court was not such as to demand a reversal of the judgment.

2. The court committed no error in its other rulings in so far as they related to the pleadings of Charles C. Jones and Mrs. Ola E. Jones.

3. The indorser of the note, Claude E. Buchanan, filed a plea in which he alleged that, without his knowledge or consent, Frank C. Owens, the original payee of the note sued on and whose executrix is plaintiff in this case, extended the time of maturity of the note sued on from July 12, 1913, to March 10, 1914, for a valuable consideration, the same being the interest paid in full to the date to which the note had been extended. Under the repeated rulings of this court and the Supreme Court this plea was good and should not have been stricken. In *Tanner* v. *Gude,* 100 *Ga.* 157 (27 S. E. 938), the headnote is as follows: "A contract of suretyship being necessarily included in every unqualified indorsement of a negotiable instrument, an agreement by the holder of a promissory note, entered into with the maker, whereby for value the latter extends the time of payment for a definite period beyond the date of maturity, if made without the consent of the indorser, discharges him, whether he be such for value or not." In the case of *Randolph* v. *Fleming,* 59 *Ga.* 776, the 2d headnote is as follows: "Prepayment and acceptance of interest to a given time, on a note past due, is evidence of a contract of indulgence until the time has expired; and if no stipulation to the contrary appears, an un-

conditional contract will arise by implication." In *Bethune* v. *Dozier*, 10 *Ga.* 235, Judge Lumpkin said: "No principle of law is better settled at this day than that, the undertaking of the surety being one *stricti juris*, he can not, either at law or in equity, be bound farther or *otherwise* than he is by the very terms of his contract; and that if the parties to the original contract think proper to change the terms of it without the consent of the surety (which it is not disputed they have a right to do), the surety is discharged. He is not bound by the old contract; for that has been abrogated by the new; neither is he bound by the new contract, because he is no party to it; neither can it be split into parts, so as to be his contract to a certain extent and not for the residue; he is either bound *in toto* or not at all. Neither is it of any consequence that the alteration in the contract is trivial, nor even that it is for the advantage of the surety." *Stallings* v. *Johnson*, 27 *Ga.* 564; *Scott* v. *Saffold*, 37 *Ga.* 384 (2); *Bunn* v. *Commercial Bank*, 98 *Ga.* 647, 651 (26 S. E. 63); *Park* v. *Cordray*, 20 *Ga. App.* 35 (2), 36 (92 S. E. 394); *MacIntyre* v. *Massey*, 11 *Ga. App.* 458 (2) (75 S. E. 814).

4. Under the above rulings, the judgment of the court below as to Charles C. and Mrs. Ola E. Jones is affirmed; and as to Claude E. Buchanan it is reversed. This court assesses one half of the costs against defendant in error, and one half against plaintiffs in error, Charles C. and Mrs. Ola E. Jones.

*Judgment affirmed in part and reversed in part. Broyles, P. J., and Harwell, J., concur.*