25918. FINCH *et al. v.* PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA.

STEPHENS, P. J. 1. A contract between the payee of a note and the principal debtor, which would operate to release the surety on the ground that the time of payment of the note has been extended without the surety's consent, must be a contract between the payee and the principal debtor for a valuable consideration for an extension by the payee of the time of payment, and the extension must be for a definite period. *Woolfolk* v. *Plant,* 46 *Ga.* 422 (2); *Bunn* v. *Commercial Bank,* 98 *Ga.* 647 (26 S. E. 63); *Tanner* v. *Gude,* 100 *Ga.* 157 (27 S. E. 938); *Alsobrook* v. *Taylor,* 181 *Ga.* 10 (5) (181 S. E. 182); *Ver Nooy* v. *Pitner,* 17 *Ga. App.* 229 (3) (86 S. E. 456).

2. In a suit by the payee of a note against the sureties, a plea by the sureties which alleged that without the defendants' knowledge or consent the plaintiff agreed with the principal debtor to extend the time of payment, that in consideration of the payment by the principal debtor, on a named date, of a named amount of money as "interest" and "other interest payments," made by the principal debtor to the plaintiff, the plaintiff "extended the time of payment," was insufficient in that it did not appear from the plea that the interest paid for the consideration of the extension of time was not past-due interest, and did not appear that the interest paid was to cover the period of the time of extension, and did not appear that the time of payment was extended for any definite period. The plea was not good as against the special demurrer that it was vague, uncertain, and indefinite and failed to set forth with particularity of what the valuable consideration consisted, and failed to show for what period of time the extension was granted. The court did not err in sustaining the demurrer to the plea of release by reason of an extension of the time of payment without the defendants' consent, and in striking the plea.

3. The demurrer to the original plea, on the ground that it was insufficient in that it did not allege that the extension agreement was made for any definite period, was sustained with leave to amend; and the

defendants not having by amendment met the objection, the court did not err in sustaining the demurrer to the plea as amended, without further leave to amend.

4. The direction of the verdict for the plaintiff in the full amount sued for was not error on the ground of any alleged antecedent error in sustaining the plaintiff's demurrer and in striking the defendants' plea and answer.    *Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 17, 1937.

*George G. Finch,* for plaintiffs in error.
*Haas, Gambrell & Gardner,* contra.